UNITED STATES DISTRICT COURT
<u>SOUTHERN DISTRICT OF NEW YORK</u>   X

VARSITY BRANDS, INC., VARSITY SPIRIT
FASHIONS AND SUPPLIES, INC. and
VARSITY SPIRIT CORPORATION,                      09-cv-01795 (PKC)

                 Plaintiffs,
   -against-

J&M SPIRIT WEAR, INC. and
LOUIS D. HERNANDEZ,
                Defendants.

_____X

<u>**MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS**</u>

**FELDMAN LAW GROUP, P.C.**

Stephen E. Feldman (SF-5630)
Kenneth S. Feldman (KF-6330)
Steven M Crosby (SC-1204)
Feldman Law Group, P.C.
12 East 41st Street
New York New York 10017
Telephone: 212-532-8585

**TABLE OF CONTENTS**

I.   INTRODUCTION ………………………………………………...1

II.  FACTUAL BACKGROUND ……………………………………..1

III. LEGAL STANDARD ……………………………………………..2

IV.  ARGUMENT ………………………………………………………4

V.   CONCLUSION ……………………………………………………8

# **TABLE OF AUTHORITIES**

CASE LAW

*Ashcroft v. Iqbal*

    129 S.Ct. 1937, 1949-50(U.S. 2007) )……………………………………………....3

*Bell Atlantic Corp. v. Twombly*

    550 U.S. 544, 127 S.Ct.1955 (2007)……………………………………………...3

*Brandir International Inc. v. Cascade Pac Lumber Co*

    834 F.2d 1142 (2d Cir. 1987) ………………………………………………………6

*Conley v. Gibson*

    355 U.S. 41 (1957) …………………………………………………………….2, 3

*Folio Impressions, Inc. v. Byer California*

    937 F.2d 759, 763 (2d. Cir.1991) …………………………………………………4

*Kieselstein-Cord v Accessories by Pearl*

    632 F.2d 989 (2d Cir. 1980) ………………………………………………………6

*Peter Pan Fabrics, Inc. v. Martin Weiner Corp.*

    274 F.2d 487 (2d Cir.1960) ………………………………………………………4

*Whimsicality, Inc. v. Rubie's Costume Co.*

    891 F.2d 452, 455 (2d Cir.1989) ………………………………………………...5

## FEDERAL STATUES

17 U.S.C. § 101 ....................................................................................5

Fed. R. Civ.P. 12(b)(6) ........................................................................2, 3

## TREATISES

1 *Nimmer On Copyright* § 2. 08 [B][3], at 2-101 (2004) ............................................6

## PROCEDURAL POSTURE

Defendants J&M Spirit Wear Inc. and Louis Hernandez ("J&M" or "Defendants") submit this Memorandum in Support of their Motion to Dismiss the Complaint of Plaintiff Varsity Brands Inc., et al. ("Varsity" or "Plaintiff"). While Defendants believe the case should be dismissed for the reasons explained *infra*, Defendants will also filed their Answer to the complaint tomorrow so that the parties will keep to the Court's discovery schedule with no delay caused by this motion.

## INTRODUCTION

Clothing design has long been found uncopyrightable as functional. The cheerleading uniforms at issue in this case are not only clothing, and therefore unprotectable, but their designs are functionally dictated by the necessities of traditional cheering at sporting events before an audience of spectators. Such uniforms have no artistic designs that are "separable" from the cheerleader's functional considerations of movement and visibility. Defendants have found no cases recognizing as valid copyrights in designs of uniforms, such as those at issue here, but have found case law requiring designs for uniforms to be marketable separately for protection. Plaintiff's copyright infringement claim should be dismissed as Varsity's products are useful articles, uniforms whose designs are not viewed or marketable independent of their utilitarian function as Cheerleading Uniforms.

## FACTUAL BACKGROUND

A number of Plaintiff's copyright registrations list dates of registration more than five years after their listed dates of first publication. See publication dates and registration dates within Copyright Registrations attached as Exhibits to the First Amended Complaint.

In paragraph 10 of Varsity's First Amended Complaint, Plaintiff alleges that it creates designs that are "applied to Varsity apparel" in "a continuing effort to appeal to existing and potential customers in the highly competitive cheerleading apparel and accessories business."

In paragraph 14 of Varsity's Complaint, Plaintiff alleges that it uses "models" in its "Varsity Catalogs" and "distributes such Varsity Catalogs to its customers and potential customers in the highly competitive cheerleading apparel and accessories business."

In paragraph 22 Varsity's Complaint, Plaintiff states that the Varsity Designs at issue are numbered, in Exhibits 1-18 to the Complaint: Varsity Designs 078, 0311, 019, 062, 057, 806, BB10, 0625, 065, 535, 043, 242, 299A, 062, 0625, 034, 309, and 0317 (see Exhibits 1-18 of the Complaint). These design numbers also correspond to the model numbers of the apparel (Cheerleading Uniforms) in its Varsity Catalogs. See the June 4, 2009 Declaration of Steven Crosby in support of this motion.

Nowhere in the complaint does Varsity allege its designs are in any way separable or separately marketable from the Cheerleader uniforms themselves.

## LEGAL STANDARD

Under Fed. R. Civ. P. 12 (b) 6, a party may assert the defense of failure to state a claim upon which relief may be granted by motion. A court must dismiss a claim pursuant to Fed. R. Civ. P. 12(b)(6) if it appears that the claimant cannot prove a set of facts in support of his claim which would entitle him to relief. *Conley v. Gibson,* 335 U.S. 41, 45-46 (1957).

2

However, in 2007, the Supreme Court clarified or modified the prior *Conley v. Gibson* standard for 12 (b) 6 review in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct.1955 (2007). No longer are facial allegations to be taken as true without regard to their plausibility; surviving a 12(b) 6 motion now explicitly requites sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face," *Id, at 570* Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " Id at 557.

As the Court just stated in a subsequent 2009 case:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. (citing *Twombly* at 555). (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. (citing Twombly at 556). Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. (citations omitted) But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged- but it has not "show[n]"-"that the pleader is entitled to relief." (Citing FRCP 8).. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949-50(U.S. 2007)

Plaintiff's complaint concludes it owns a copyright in certain designs of clothing specifically made to be worn by cheerleaders: Cheerleading Uniforms. While the Court may accept the well pleaded allegations of the complaint, Plaintiff's claim it owns protectable copyright rights in multiple cheerleading uniforms is a legal conclusion. The Court should therefore make an independent determination of the plausibility of these uniform designs being separable and copyrightable, drawing on "its judicial experience and common sense". Yet Plaintiff does not

3

plead facts from which to infer the elements of such legal conclusion, i.e., that such designs are "separable" from the utilitarian function of the uniform. As outlined *supra* and *infra*, it is apparent that Plaintiff's designs are neither separable, nor copyrightable.

## ARGUMENT
## Plaintiffs Have No Copyright Rights in Cheerleader Uniforms

The Court should dismiss the complaint for failure to state a claim under Rule 12 (b) 6, as Plaintiff is attempting to protect the designs of cheerleader uniforms, which are not copyrightable. It is black letter copyright law that functional matter, such as clothing is not protectable. After much searching, Defendants have been unable to locate any case in the Second Circuit recognizing copyright rights in any uniforms, and case law in other Circuits explicitly denies such protection. The only exception is for matter separable as artwork, which these designs are not.

### I. The Designs at issue are Utilitarian Cheerleader Uniforms

It is axiomatic that copyright does not protect functional matter such as clothing. Under the Copyright Act, useful articles, taken as a whole, are not eligible for copyright protection. As provided in 17 U.S.C. §101. "[t]he design of a useful article… shall be considered a pictorial, graphic, or sculptural work only if, and only to the extent that, such design incorporates pictorial, graphic or sculptural features that can be identified separately from, and are capable of existing independently of, the utilitarian aspects of the article."

Fabric design is copyrightable, and unauthorized use in clothing of a copyrighted fabric design is copyright infringement. *Folio Impressions, Inc. v. Byer California,* 937 F.2d 759, 763 (2d Cir.1991); *see also Peter Pan Fabrics, Inc. v. Martin Weiner Corp.,* 274 F.2d 487 (2d

4

Cir.1960) (L. Hand, *J.*). However, the design such fabric is used for in a dress, shirt, or other garment, is not copyrightable. *Whimsicality, Inc. v. Rubie's Costume Co.,* 891 F.2d 452, 455 (2d Cir.1989)(As " 'useful article[s]' ... having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information," 17 U.S.C. § 101, clothes are not copyrightable.)

The cheerleading uniforms at issue are no different than other clothing. Designed for the purpose of easy movement and attracting attention to the cheerleaders with bold lines and matching suits worn by multiple cheerleaders, the design choices of these uniforms are dictated by their function.

While a certificate of copyright is required for suit, its presumption of validity is rebuttable. 17 U.S.C. 410.  Moreover, when, as in this case, such registration is obtained more than five years after first publication, the evidentiary weight to accord it is at the Court's discretion. See Registration Certificates attached to First Amended Complaint.

> (c) In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate. <u>The evidentiary weight to be accorded the certificate of a registration made thereafter shall be within the discretion of the court</u>.
>  *17 U.S.C. 410 (c).*
> (emphasis supplied).

Apparently, Plaintiff did not tell the copyright office its designs were of uniforms for cheerleading but stated "two dimensional artwork" or "fabric design". Yet the numbers Plaintiff gave the copyright office for the alleged deposits closely match the numbers in Varsity's Uniform Catalog. See the June 4, 2009 Declaration of Steven Crosby in support of this motion. Had Plaintiff admitted these were clothing, i.e.  uniforms, the certificates of copyright might not

5

have been issued. Either way, this Court can and should make an independent assessment of the plausibility of Plaintiff's unplead claim of separability.

**II. Plaintiff's Designs are not Separable from the Uniforms Themselves**

The Second Circuit has interpreted 17 USC section 101 supra to mean that the utilitarian objects are only entitled to copyright as a pictorial, graphic, or sculptural work, if the "primary ornamental aspect" of the design is 'conceptually separable from its substantially utilitarian function." *Kieselstein-Cord v Accessories by Pearl* 632 F.2d 989 (2d Cir. 1980) (ruling premised on the belief that ornamental belt buckles could exist independently as a valuable artistic commodity). In *Brandir International v .Cascade Pacific Lumber,* 834 F.2d 1142, 1145 (2nd Cir. 1988), the Second Circuit established a test for determining if a useful article contains copyrightable elements, noting that "if design elements reflect a merger of aesthetic and functional considerations, the artistic aspects of a work cannot be said to be conceptually separable from the utilitarian elements".

The Plaintiff has no separable designs in this case but an obvious merger. The designs at issue all clearly rely on functional cheerleader uniform considerations in their designs. No viewer of the designs would find them conceptually separable, but would see them as what they are cheerleader uniforms.

The separability analysis really turns on whether the useful article "would still be marketable to some significant segment of the community simply because of its aesthetic qualities" 1 *Nimmer On Copyright* § 2. 08 [B][3], at 2-101 (2004).

There is no good reason to believe Plaintiff's Cheerleading designs could plausibly be sold at all in any market segment, let alone a significant one, as "two

6

dimensional artwork" or "fabric design". They are only useful as cheerleading uniforms. Courts have long placed weight on the actual marketing of art separate from the utilitarian article they rest upon to determine copyrightability.  See *Mazer v. Stein,* 347 U.S. 201, 217, (1954), 74 S.Ct. 460, (Finding sculptures used in lamp bases, copyrightable, as they were first sold separately as art).

The Fifth Circuit relied on a Second Circuit opinion and addressed the precise issue of separability of designs of uniforms the same way in *Galiano v. Harrah's Operating Company, Inc.*, 416 F.3d 411, (5th Cir. 2005) (finding certain uniform designs uncopyrightable because they were uniforms whose designs were not independently marketable ) The Circuit adopted a likelihood-of-marketability standard for garment designs, and held uniforms not protectable absent a showing that the designs were marketable independent of their utilitarian function as uniforms.

The Court there followed the Second Circuit's test in *Kieselstein-Cord,* supra, acknowledging that the Second Circuit's "… willingness to recognize the copyrightability of a useful article seems, at some elemental level, to turn on the capacity of the item to moonlight as a piece of marketable artwork". *Galiano supra at 420* .

Defendant respectfully suggests the very character of the Cheerleaders Uniforms at issue, as straightforwardly viewed in the photographs,  can not moonlight as a piece of marketable artwork. While Plaintiff has not alleged it does, and there is no evidence from which to infer it does, it is simply implausible that any buyer would ever purchase such designs, unless they wanted cheerleader uniforms.

7

## CONCLUSION

Plaintiff's allegations do not state a claim, as Plaintiffs can not protect the designs of its utilitarian cheerleading uniforms. Therefore the Court should grant Defendants' motion to dismiss.

Respectfully submitted,

**FELDMAN LAW GROUP, P.C.**

_____
Stephen E. Feldman (SF-5630)
Kenneth Feldman (KF-6003)
Steven Crosby (SC-1204)
Feldman Law Group, P.C.
12 E. 41st Street
New York, NY 10017
Tel: 212.532.8585