**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------- x

|  |  |
|---|---|
| **VARSITY BRANDS, INC., VARSITY SPIRIT FASHIONS AND SUPPLIES, INC. and VARSITY SPIRIT CORPORATION,** | : |
| Plaintiffs, | : |
|  | : **09 Civ. 1795 (PKC)** |
| -against- | : **ECF CASE** |
| **J&M SPIRIT WEAR, INC. and LOUIS D. HERNANDEZ,** | : |
|  | : |
| Defendants | : |

------------------------------------------------------------------------- X

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Arlana S. Cohen (asc@cll.com)
Thomas Kjellberg (txk@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, NY  10036
Phone: 212-790-9200
Fax: 212-575-0671
Attorneys for Plaintiffs

TABLE OF CONTENTS

INTRODUCTORY STATEMENT ........................................................................ 1

BACKGROUND ............................................................................................. 1

ARGUMENT .................................................................................................. 4

    A.   Legal Standard ............................................................................... 4

    B.   The Varsity Copyrights Are Entitled to a Presumption of Validity ................................. 5

    C.   Defendants Have Submitted Nothing to Rebut the Presumption of Validity.................. 6

    D.   The Copyright Office Has Expressly Found that the Varsity Designs Are Copyrightable Two-Dimensional Designs ..................... 9

    E.   The Varsity Design Copyrights Are Valid .................................................. 11

    F.   The Cases Cited By Defendants Confirm that the Varsity Design Copyrights Are Valid ...................... 13

CONCLUSION.............................................................................................. 19

# TABLE OF AUTHORITIES

## Cases

*Atari Games Corp. v. Oman*, 888 F.2d 878 (D.C. Cir. 1989) .................................................. 11, 12

*ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87 (2d Cir. 2007) ............................................ 4, 5

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007) .................................................... 4

*Boyds Collection v. Bearington Collection, Inc.*, 360 F. Supp. 2d 655 (M.D. Pa. 2005).......................................................................................................................... 13

*Brandir International, Inc. v. Cascade Pacific Lumber Co.*, 834 F.2d 1142, (2d Cir. N.Y. 1987)................................................................................................... 7, 15, 16

*Chosun Int'l v. Chrisha Creations, Ltd.*, 413 F.3d 324q (2d Cir. 2005)................................. 7, 15

*Coach, Inc. v. Peters*, 386 F. Supp. 2d 495 (S.D.N.Y. 2005) ....................................... 11

*Covington Indus. v. Nichols*, 2004 U.S. Dist. LEXIS 6210 (S.D.N.Y. Apr. 12, 2004)............................................................................................................................. 12

*Eckes v. Card Prices Update*, 736 F.2d 859 (2d Cir. 1984) ......................................... 8

*Erickson v. Pardus*, 551 U.S. 89 (2007) .................................................................... 4

*eScholar, LLC v. Otis Educ. Sys., Inc.*, 2005 U.S. Dist. LEXIS 40727 (S.D.N.Y. Nov. 3, 2005)....................................................................................................... 8

*Express, LLC v. Fetish Group, Inc.*, 424 F. Supp. 2d 1211 (C.D. Cal. 2006) ............................ 13

*Fonar Corp. v. Domenick*, 105 F.3d 99 (2d Cir. 1997) ................................................ 8

*Galiano v. Harrah's Operating Co.*, 2004 U.S. Dist. LEXIS 8265 (E.D. La. May 10, 2004)................................................................................................................ 18, 19

*Galiano v. Harrah's Operating Company, Inc.*, 416 F.3d 411 (5th Cir. 2005)............... 17, 18, 19

*Gemveto Jewelry Co., Inc. v. Jeff Cooper Inc.*, 568 F. Supp. 319 (S.D.N.Y. 1983) ................... 11

*Homer Laughlin China Co. v. Oman*, 1991 U.S. Dist. LEXIS 10680 (D.D.C. July 30, 1991)................................................................................................................ 11

*In re NYSE Specialists Sec. Litig.*, 503 F.3d 89 (2d Cir. 2007) ..................................... 4

*Iqbal v. Hasty*, 490 F.3d 143 (2d Cir. 2007) ........................................................... 4

*Jon Woods Fashions, Inc. v. Curran*, 8 U.S.P.Q.2d 1870 (S.D.N.Y. 1988)............................... 11

*Kelly v. L.L. Cool J.*, 145 F.R.D. 32 (S.D.N.Y. 1992) .................................................. 8

*Key Publications, Inc. v. Chinatown Today Publ'g Enters., Inc.*, 945 F.2d 509 (2d Cir. 1991) ..................................................................................................... 5

*Kieselstein-Cord v. Accessories by Pearl, Inc.*, 632 F.2d 989 (2d Cir. 1980) ............................ 14

*Knitwaves v. Lollytogs, Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995)................................... 7, 12

*Lennon v. Seaman*, 84 F. Supp. 2d 522 (S.D.N.Y. 2000) ................................................. 8

*Mid America Title Co. v. Kirk*, 991 F.2d 417 (7th Cir. 1993)......................................... 5

*Roulo v. Russ Berrie & Co.*, 886 F.2d 931 (7th Cir. 1989)........................................... 12

*Soptra Fabrics Corp. v. Stafford Knitting Mills, Inc.*, 490 F.2d 1092 (2d Cir. 1974)..................................................................................................... 12

*Sparaco v. Lawler, Matusky, Skelly Eng'rs LLP*, 2000 U.S. Dist. LEXIS 22177 (S.D.N.Y. 2000) ............................................................................................ 6

*Sunham Home Fashions, LLC v. Pem-America, Inc.*, 2002 U.S. Dist. LEXIS 24185 (S.D.N.Y. Dec. 17, 2002)....................................................................... 12

*Superior Form Builders v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488 (4th Cir. 1996) ................................................................................................... 13

*Tradescape.com v. Shivaram*, 77 F. Supp. 2d 408 (S.D.N.Y. 1999) ............................ 8

*Tuff-N-Rumble Management, Inc. v. Sugarhill Music Pub. Inc.*, 99 F. Supp. 2d 450 (S.D.N.Y. 2000) .......................................................................................... 8

*U2 Home Entm't, Inc. v. Kylin TV, Inc.*, 2007 U.S. Dist. LEXIS 50131 (E.D.N.Y. July 10, 2007) .................................................................................................. 5

*Whimsicality, Inc. v. Rubie's Costume Co.*, 836 F. Supp. 112 (E.D.N.Y. 1993)..................... 9, 10

*Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452 (2d Cir. 1989)...................................... 8

*Woods v. Bourne Co.*, 60 F.3d 978 (2d Cir. 1995) ....................................................... 6

*Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101 (2d Cir. 2001).................................... 12

**Statutes**

15 U.S.C. § 1114(1) ........................................................................................................ 3

15 U.S.C. § 1125(a)(1)(B) ............................................................................................. 3

17 U.S.C. § 101 ............................................................................................................ 13

17 U.S.C. § 102(a) ......................................................................................................... 2

17 U.S.C. § 408(a) ......................................................................................................... 2

17 U.S.C. § 410(c) ......................................................................................................... 5

17 U.S.C. § 411(a) ......................................................................................................... 2

**Legislative History**

H.R. Rep. No. 94-1476 (1976)........................................................................................ 6

**Rules**

Fed. R. Civ. P. 12(b)(6)............................................................................................... 1, 3

Fed. R. Civ. P. 8(a)(2).................................................................................................... 4

**Treatises**

Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* (2d ed.
  1990)................................................................................................................ 4, 5

M. Nimmer & D. Nimmer, *Nimmer on Copyright* ............................................. 8, 17, 18

William F. Patry, *Patry on Copyright*................................................................... 17

**Other Authorities**

Compendium II of Copyright Office Practices........................................................ 11

Copyright Office Form VA with Instructions.......................................................... 9

25894/090/1119171.1

## INTRODUCTORY STATEMENT

Plaintiffs Varsity Brands, Inc., Varsity Spirit Fashions and Supplies, Inc. and Varsity Spirit Corporation ("Varsity") submit this memorandum of law in opposition to the motion filed by defendants J&M Spirit Wear, Inc. and Louis D. Hernandez ("Defendants") seeking an order pursuant to Fed. R. Civ. P. 12(b)(6) dismissing the action for failure to state a claim upon which relief can be granted.  For the reasons set forth below, Defendants' motion should be denied.

## BACKGROUND

Varsity is the leading seller in the United States of cheerleading apparel and accessories. A major factor in Varsity's continued market success has been its employment, at substantial expense, of skilled designers to create, as works made for hire, the attractive and innovative original two-dimensional designs ("Varsity Designs") that Varsity places on its cheer apparel and accessories, and depicts in its catalogs.  First Amended Complaint ("FAC") ¶¶ 9-10.

Over the past two decades, Varsity has secured more than 125 copyright registrations for original Varsity Designs in the U.S. Copyright Office ("Varsity Registrations").  The subject matter of the Varsity Registrations has been designated variously as "design on garment," "two-dimensional artwork," and "fabric design," in accordance with Copyright Office regulations and/or the instruction of Copyright Office personnel.  The Varsity Registrations are a matter of public record, and include, in addition to the registrations at issue in the present action, Registrations Nos. VA-1-404-953; VA-1-404-954; VA-1-404-955; VA-1-428-450; VA-1-428-451; VA-1-428-452; VA-1-428-453; VA-1-428-454; VA-1-428-456; VA-1-428-457; VA-1-428-458; VA-1-428-459; VA-1-428-460; VA-1-428-462; VA-1-428-463; VA-1-428-464; VA-1-428-465; VA-1-428-466; VA-1-428-467; VA-1-428-468; VA-1-428-469; VA-1-428-470; VA-1-428-471; VA-1-428-692; VA-1-428-693; VA-1-428-694; VA-1-428-695; VA-1-428-696; VA-1-428-

698; VA-1-428-699; VA-1-428-700; VA-1-428-701; VA-1-428-702; VA-1-428-703; VA-1-428-704; VA-1-428-705; VA-1-428-706; VA-1-428-707; VA-204-290; VA-204-291; VA-204-292; VA-204-293; VA-204-294; VA-204-295; VA-204-296; VA-204-297; VA-204-298; VA-204-299; VA-204-300; VA-204-301; VA-204-302; VA-204-303; VA-204-304; VA-204-305; VA-204-306; VA-204-307; VA-204-308; VA-204-309; VA-204-310; VA-204-311; VA-204-312; VA-204-313; VA-204-314; VA-204-315; VA-204-316; VA-204-317; VA-204-318; VA-204-319; VA-204-320; VA-204-321; VA-204-322; VA-204-323; VA-204-324; VA-204-325; VA-204-326; VA-204-327; VA-204-328; VA-204-329; VA-204-330; VA-204-331; VA-204-332; VA-204-333; VA-204-334; VA-204-335; VA-204-336; VA-223-012; VA-223-013; VA-223-014; VA-223-015; VA-223-016; VA-223-017; VA-223-018; VA-223-019; VA-223-020; VA-223-021; VA-225-575; VA-225-576; VA-225-577; VA-225-578; VA-225-579; VA-225-580; VA-225-581; VA-225-582; VA-225-583; and VA-225-584.  *See* Copyright Office online Public Catalog, *http://cocatalog.loc.gov*.[1]

The subject matter of each of the 125-plus Varsity Registrations is the same:  original two-dimensional designs to be reproduced on or applied to clothing and other cheer-related merchandise.  In no case does any Varsity Registration purport to claim any exclusive rights in the three-dimensional "design of a utilitarian article" such as clothing.

Defendants' motion, accordingly, is premised on and argues against a straw man. Defendants' repeated allegations that "Plaintiff's complaint concludes it owns a copyright in

---

[1] Registration of copyright is not, of course, a condition of copyright protection.  17 U.S.C. § 408(a).  Federal copyright protection is "automatic"; the copyright in an original work of authorship—any work that is (1) independently created and (2) shows at least a "minimal spark" of creativity—exists from the moment such work is "fixed in any tangible medium of expression," 17 U.S.C. § 102(a).  Registration of a copyright is voluntary, and may be made at any time before suit is filed.  17 U.S.C. § 411(a).

2

certain designs of clothing …. Plaintiff's claim it owns protectable copyright rights in multiple cheerleading uniforms … Plaintiff is attempting to protect the designs of cheerleader uniforms," Mem. Supp. 3 *et seq*., are manufactured. Varsity's complaint "concludes," and Varsity is attempting, no such thing. The First Amended Complaint states unambiguously that the Varsity copyrights at issue are for "two-dimensional designs ('Varsity Designs') that are reproduced on and/or applied to Varsity apparel and accessories." FAC ¶ 10. Defendants for purposes of their motion seek to recharacterize the very subject matter of Varsity's registered copyrights. They should not be permitted to do so.

Varsity's First Amended Complaint alleges (1) copyright infringement of 18 Varsity Designs; (2) trademark infringement of Varsity's federally registered MOTIONFLEX mark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1); (3) false advertising or promotion in violation of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B); and (4) unfair competition under New York law.

On June 5, 2009 Defendants filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), arguing that the First Amended Complaint fails to state a claim on which relief can be granted, and requesting the Court to invalidate all of Varsity's registered copyrights in the Varsity Designs. Defendants' motion purports to seek dismissal of the First Amended Complaint in its entirety; however, Defendants' Memorandum of Law in Support of Motion to Dismiss ("Mem. Supp.") addresses only Varsity's copyright claim. The supporting evidence consisted of the Declaration of Defendants' attorney Steven Crosby.

Defendants' motion is entirely without merit.

3

## ARGUMENT

### A.     Legal Standard

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "accept as true all of the factual allegations contained in the complaint," and "draw all inferences in the light most favorable to the non-moving party …." *In re NYSE Specialists Sec. Litig.*, 503 F.3d 89, 95 (2d Cir. 2007).  The Court, however, need not accord "[l]egal conclusions, deductions or opinions couched as factual allegations … a presumption of truthfulness."  *Id*.  In deciding a motion to dismiss, the Court is not limited to the face of the complaint, but "may [also] consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference, … and documents possessed by, or known to the plaintiff and upon which it relied in bringing the suit."  *ATSI Commc'ns v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

Federal Rule of Civil Procedure 12(b)(6) must be read in conjunction with Rule 8(a), which "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'"  *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting Fed. R. Civ. P. 8(a)(2)).  "Only when the pleading fails to meet this liberal standard is it subject to dismissal under Rule 12(b)(6)."  5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 294–96 (2d ed. 1990).  To survive a 12(b)(6) motion to dismiss, the allegations in the complaint need only meet the standard of "plausibility."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 564 (2007).  The complaint need not provide "detailed factual allegations," *id*. at 555, but must "amplify a claim with some factual allegations … to render the claim *plausible*."  *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007) (emphasis in original).  That is, the complaint must provide "the grounds upon which [the plaintiff's] claim rests through factual allegations sufficient 'to

4

raise a right to relief above the speculative level.'"  *ATSI*, 493 F.3d at 98 (quoting *Twombly*, 127

S. Ct. at 1965).

There can be no dispute that the First Amended Complaint pleads facts more than

sufficient to render "plausible" the two elements of a claim for copyright infringement—

ownership of a valid copyright, and copying of those elements of the work that are

copyrightable.  *Key Publications, Inc. v. Chinatown Today Publ'g Enters., Inc.*, 945 F.2d 509,

514 (2d Cir. 1991).  In fact, "[c]omplaints [for copyright infringement] simply alleging present

ownership by plaintiff, registration in compliance with the applicable statute, and infringement

by defendant, have been held to be sufficient under the rules."  *U2 Home Entm't, Inc. v. Kylin*

*TV, Inc.*, 2007 U.S. Dist. LEXIS 50131 (E.D.N.Y. July 10, 2007) (quoting *Mid America Title Co.*

*v. Kirk*, 991 F.2d 417, 421 n.8 (7th Cir. 1993); 5 Charles A. Wright & Arthur R. Miller, *Federal*

*Practice and Procedure* § 1237, at 283 (1990)).  Accordingly, there is no basis for relief under

Rule 12(b)(6).

### B.  The Varsity Copyrights Are Entitled to a Presumption of Validity

Under the Copyright Act, a certificate of registration obtained from the Copyright Office

within five years of the date of first publication is *prima facie* evidence of "the validity of the

copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c).  Varsity's copyright

registration certificates that were obtained within five years of the date of first publication[2] shift

---

[2] Eleven of the Varsity Designs at issue were registered within five years after their first publication, and are accordingly entitled to the Section 410(c) presumption:  Registration No. VA 1-417-427 for Design 078 (first publication January 29, 2007; registration date May 21, 2007); Registration No. VA 1-404-956 for Design WS062RA (first publication February 1, 2006; registration date August 22, 2006); Registration No. VA 1-653-807 for Design 057 (first publication January 1, 2005; registration date July 9, 2008); Registration No. VA 1-319-223 for Design 806 (first publication January 2001; registration date April 29, 2005); Registration No.

*(footnote continued on following page)*

5

the burden to Defendants to demonstrate why the copyrights are not valid.  *Woods v. Bourne Co.*, 60 F.3d 978, 990 (2d Cir. 1995); *Sparaco v. Lawler, Matusky, Skelly Eng'rs LLP*, 2000 U.S. Dist. LEXIS 22177, *19 (S.D.N.Y. 2000).  While Varsity's pleaded copyright registrations that issued more than five years after the first publication of the works do not enjoy the statutory presumption of validity, the Court may accord them such evidentiary weight as it sees fit.  *See* 17 U.S.C. § 410(c).  Varsity respectfully submits that they should be accorded substantial weight, given that (1) they were obtained under substantially identical circumstances to the Varsity Registrations entitled to the statutory presumption, (2) their subject matter is substantially identical to the Varsity Registrations entitled to the statutory presumption, and (3) they were obtained relatively soon after the five-year period had lapsed.  *See* H.R. Rep. No. 94-1476 at 156 (1976) (the "five year period is based on a recognition that the longer the lapse of time between publication and registration the less likely to be reliable are the facts stated in the certificate.").

C.    **Defendants Have Submitted Nothing to Rebut the Presumption of Validity**

The presumption of validity may be overcome, in very limited circumstances, by a showing that information is omitted from the registration certificate in question.  Accordingly, the linchpin of Defendants' motion is their baseless speculation that Varsity misled the Copyright Office in obtaining the Varsity Registrations:

---

VA 1-428-697 for Design BB10 (first publication February 1, 2006; registration date August 22, 2006); Registration No. VA 1-404-956 for Design WS0625A (first publication February 1, 2006; registration date August 22, 2006); Registration No. VA 1-428-461 for Design MFBL065W (first publication February 1, 2006; registration date August 22, 2006); Registration No. VA 1-653-802 for Design 535 (first publication January 1, 2005; registration date July 9, 2008); Registration No. VA 1-653-819 for Design 043 (first publication January 1, 2004; registration date August 21, 2008).  Also registered under Registration No. VA 1-408-822 for the Varsity Spirit Fashions 2007 catalog are Design 0317 (first publication January 2003; registration date April 10, 2007) and Design 034 (first publication January 2003; registration date April 10, 2007).

25894/090/1119171.1

> Apparently, Plaintiff did not tell the copyright office its designs were of uniforms for cheerleading but stated "two dimensional artwork" or "fabric design." … Had Plaintiff admitted these were clothing, i.e., uniforms, the certificates of copyright might not have been issued."

Mem. Supp. 5-6.  Defendants have it backwards.  Varsity "did not tell the Copyright Office its designs were of uniforms" because they are *not* "designs of uniforms."  Each of Varsity's works is a design that is intended to be applied to or reproduced on cheer-related clothing and accessories; in no case, however, is it the design "of" such clothing or accessories.  The distinction has long been recognized by the Copyright Office and the courts.  *See*, *e.g.*, *Knitwaves v. Lollytogs, Ltd.*, 71 F.3d 996, 1002 (2d Cir. 1995) ("clothes are not copyrightable. In contrast, fabric designs, <u>such as the artwork on Knitwaves' sweaters</u>, are considered 'writings' for purposes of copyright law and are accordingly protectible.") (emphasis added).

Like the original and protectible two-dimensional "artwork" that was reproduced "on Knitwaves' sweaters" (and identified as a "fabric design" by the Second Circuit), the Varsity Designs are readily separable from the uncopyrightable clothing or accessories on which they are reproduced.  Moreover, otherwise protectible two-dimensional artwork does not lose copyright protection when it is placed on a useful article such as a sweater, t-shirt, skirt, or toaster.  *Chosun Int'l v. Chrisha Creations, Ltd.*, 413 F.3d 324, 328 (2d Cir. 2005) ("one can copyright the fanciful designs imprinted on, or carved into, a lamp's base, so long as those designs are unrelated to the lamp's utilitarian function as a device used to combat darkness."); *Brandir International, Inc. v. Cascade Pacific Lumber Co.*, 834 F.2d 1142, 1147 (2d Cir. N.Y. 1987) ("a copyrighted work of art does not lose its protected status merely because it subsequently is put to a functional use").

Defendants' speculation that "Plaintiff did not tell the copyright office" what its works consisted of is baseless and erroneous—and on its face insufficient to invalidate the Varsity

7

Registrations.  "It has been said that a party seeking to prove fraud on the Copyright Office bears a 'heavy burden' in this regard."  M. Nimmer & D. Nimmer, *Nimmer on Copyright* § 7.20[B] (citing *Lennon v. Seaman*, 84 F. Supp. 2d 522, 525 (S.D.N.Y. 2000); *Tuff-N-Rumble Management, Inc. v. Sugarhill Music Pub. Inc.*, 99 F. Supp. 2d 450, 455 (S.D.N.Y. 2000)).  A party asserting fraud on the Copyright Office must establish (1) that the application for copyright registration is factually inaccurate; (2) that the inaccuracies were willful or deliberate. *Whimsicality, Inc. v. Rubie's Costume Co.*, 891 F.2d 452, 455 (2d Cir. 1989) (there must be "proof of deliberate misrepresentation"); *Tradescape.com v. Shivaram*, 77 F. Supp. 2d 408, 414-15 (S.D.N.Y. 1999) (defendant must "put forth … evidence that plaintiff's misstatement … was deliberate," for "[w]ithout the requisite showing of scienter, defendants cannot rebut the presumption of validity created by the registration."); and (3) that the Copyright Office relied on those misrepresentations.  *Eckes v. Card Prices Update*, 736 F.2d 859, 861-62 (2d Cir. 1984) ("Only the knowing failure to advise the Copyright Office of facts which might have occasioned a rejection of the application constitutes reason for holding the registration invalid."); *eScholar, LLC v. Otis Educ. Sys., Inc.*, 2005 U.S. Dist. LEXIS 40727, *35 (S.D.N.Y. Nov. 3, 2005) (defendant must also "show that the Copyright Office might have rejected the plaintiff's application if it had not made that misstatement.").  *See Fonar Corp. v. Domenick*, 105 F.3d 99, 105 (2d Cir. 1997); *Kelly v. L.L. Cool J.*, 145 F.R.D. 32, 38 n.8 (S.D.N.Y. 1992) (allegations of fraud on the Copyright Office require proof of all the elements of common law fraud—material misrepresentation, scienter, reliance, and damages), *aff'd*, 23 F.3d 398 (2d Cir. 1994).

Because Varsity's characterization of the works in the Varsity Registrations as "design[s] on garment[s]," "fabric design[s]" and/or "two-dimensional artwork" is factually correct,[3] Defendants fail to meet even the first element.  The remaining elements fail with the first. Defendants do not even <u>claim</u> that Varsity intentionally withheld information from the Copyright Office; they have not offered, and as will be shown, cannot offer, any proof of a deliberate omission.  More fundamentally, Defendants cannot show that the Varsity Designs are uncopyrightable clothing designs, and therefore could not demonstrate that their invented "failures to admit" might have led to rejections of the applications for the Varsity Registrations.

### D.    The Copyright Office Has Expressly Found that the Varsity Designs Are Copyrightable Two-Dimensional Designs

The Copyright Office, in reviewing applications to register visual arts copyrights, is neither so inattentive nor so inexpert as Defendants believe.  For example, in *Whimsicality, Inc. v. Rubie's Costume Co.*, 836 F. Supp. 112 (E.D.N.Y. 1993), the court on remand vacated its own prior judgment of copyright invalidity, based specifically on evidence of the Copyright Office's capability and know-how.  The Second Circuit had found that "because Whimsicality had described its deposits as 'soft sculpture,' had not sent photographs of the items being worn by

---

[3] *See*, *e.g.*, Copyright Office Form VA, Line-by-Line Instructions, which instructed that for registration purposes "categories of pictorial, graphic and sculptural authorship" include "two-dimensional artwork," which in turn includes:

> watercolor and oil paintings; pen and ink drawings; logo illustrations; greeting cards; collages; stencils; patterns; computer graphics; graphics appearing in screen displays; artwork appearing on posters, calendars, games, commercial prints and labels, and packaging, as well as <u>2-dimensional artwork applied to useful articles</u>, and <u>designs reproduced on</u> textiles, lace, and other fabrics; on wallpaper, carpeting, floor tile, wrapping paper, and <u>clothing</u>.

(emphasis added).

children, and did not expressly limit its applications to separable elements found in the costumes …, Whimsicality's registration was unenforceable due to inequitable conduct." *Id*. at 115.

The district court's finding was based on an affidavit by the Section Head of the Visual Arts Section of the Copyright Office.  As the affidavit demonstrated, (1) the Copyright Office was fully aware that Whimsicality's registrations concerned wearable costumes; (2) the use of the term "soft sculpture" was routinely accepted in Copyright Office practice; (3) applicants are not required to identify the uncopyrightable elements of their works; and (4) the Copyright Office decided to issue the registrations after finding separable artistic content in the Whimsicality costumes.  *Id*.

As *Whimsicality* shows, the Copyright Office is highly proficient with respect to determinations of copyrightability (including separability) and registrability, so that the Office's determinations are entitled to substantial deference.  It is thus significant that fifty-two of the 120-plus Varsity Registrations—including seven of the Varsity Registrations cited in the First Amended Complaint[4]—were issued after the Copyright Office had initially refused registration. The Office's decisions to register the 52 Varsity Designs were made after the Office "carefully reviewed" the works "in light of the points raised" by Varsity,[5] and found that "each work contains a sufficient, although minimal, amount of original and creative [separable] artistic or graphic authorship in the treatment and arrangement of the pre-existing elements, coupled with

---

[4] Registration No. VA 1-428-455 for Design 0625 (WS0625A); Registration No. VA 1-428-for Design 461 (MFBL065W); Registration No. VA 1-428-697 for Design BB10; Registration No. VA 1-653-819 for Design 043; Registration No. VA 1-653-802 for Design 535; Registration No. VA 1-653-805 for Design 242; and Registration No. VA 1-653-807 for Design 057.

[5] The "points raised" by Varsity in successfully seeking reconsideration included, prominently, that the Copyright Office has registered copyright claims in numerous comparable designs created by Varsity.

10

their coloring, found on the surface of each work that may be regarded as copyrightable and, therefore, support a copyright registration."  *See* U.S. Copyright Office Letter Ruling dated October 19, 2007, Exhibit 1;[6] U.S. Copyright Office Letter Ruling dated February 19, 2009, Exhibit 2; U.S. Copyright Office Letter Ruling dated February 19, 2009, Exhibit 3.

Such decisions of the Copyright Office as to copyrightability and hence, registrability are "entitled 'to a significant degree of deference,' which will only be upset if the Register fails to 'intelligibly account for [her] ruling' or if her decision is not the product of 'reasoned decisionmaking.'"  *Coach, Inc. v. Peters*, 386 F. Supp. 2d 495, 497 (S.D.N.Y. 2005) (quoting *Homer Laughlin China Co. v. Oman*, 1991 U.S. Dist. LEXIS 10680, at *3 (D.D.C. July 30, 1991); *Atari Games Corp. v. Oman*, 888 F.2d 878, 879 (D.C. Cir. 1989)).  All of the Register's decisions to register Varsity Designs are entitled to significant deference; the Register's decisions to register Varsity's works that were made on reconsideration merit even greater deference:  "the Register's decision is entitled to heightened deference where, as here, it is based on two reviews of the same copyright application."  *Jon Woods Fashions, Inc. v. Curran*, 8 U.S.P.Q.2d 1870, 1872 (S.D.N.Y. 1988) (citing *Gemveto Jewelry Co., Inc. v. Jeff Cooper Inc.*, 568 F. Supp. 319, 329 (S.D.N.Y. 1983)).

### E.     The Varsity Design Copyrights Are Valid

Varsity need not rely on any presumption of copyright validity, however.  Under Copyright Office practice and applicable law it is well-settled that original designs such as the Varsity Designs are copyrightable.  As the Compendium II of Copyright Office Practices states,

---

[6] Exhibit citations reference exhibits to the Declaration of Thomas Kjellberg submitted herewith.

at 503, "a design, otherwise original, may be registrable even though it incorporates

uncopyrightable standard forms, such as circles and squares."

The case law is consistent.  In *Soptra Fabrics Corp. v. Stafford Knitting Mills, Inc.*, 490

F.2d 1092 (2d Cir. 1974), the court held that the plaintiff's

> embellishment or expansion of [a design consisting of a strip of crescents
> with rows of semicircles] "in repeat," so as to broaden the design and
> thereby cover a bolt of cloth, together with beginning the pattern in a
> particular way so as to avoid showing an unsightly joint when the pattern
> is printed on textiles on a continual basis, constitutes modest but sufficient
> originality so as to support [a] copyright.

*Id*. at 1094.  An original two-dimensional design "may be copyrightable even though it is

entirely a compilation of unprotectible elements."  *Knitwaves*, 71 F.3d at 1003-04.  *See, e.g.*,

*Covington Indus. v. Nichols*, 2004 U.S. Dist. LEXIS 6210, at *9 (S.D.N.Y. Apr. 12, 2004) ("a

fabric designer may copyright the selection, arrangement, and combination of otherwise

unprotected components"); *Roulo v. Russ Berrie & Co.*, 886 F.2d 931, 939 (7th Cir. 1989)

(although general concepts of stripes, ellipses and single-side format are not individually

protectible, "it is the unique combination of these common elements which form the copyrighted

material"); *Yurman Design, Inc. v. PAJ, Inc.*, 262 F.3d 101, 109 (2d Cir. 2001) ("[c]opyright law

may protect a combination of elements that are unoriginal in themselves."); *Sunham Home

Fashions, LLC v. Pem-America, Inc.*, 2002 U.S. Dist. LEXIS 24185, *18-*19 (S.D.N.Y. Dec. 17,

2002) ("Although the idea of a plaid or floral pattern may not of its own be original, the patterns'

sizes, shapes, arrangements and colors taken together are original and copyrightable.").

Defendants' request that the Court invalidate Varsity's registered copyrights cannot be

"harmonize[d] with prior Copyright Office actions and court rulings on the creativity threshold,"

*Atari Games Corp. v. Oman*, 888 F.2d 878, 884 (D.C. Cir. 1989).  It is unsupported and entirely

without merit.

**F.      The Cases Cited By Defendants Confirm that the Varsity Design Copyrights Are Valid**

Defendants state the utilitarian "purpose" of clothing to be "easy movement and attracting attention to the cheerleaders with bold lines and matching suits worn by multiple cheerleaders," and argue, *ipse dixit*, that the creative design features of the Varsity Designs are inseparable from that utilitarian function.  Mem. Supp. 5-7.  They are wrong twice.  The Copyright Act defines a "useful article" as "an article having an intrinsic utilitarian function that is not merely to portray the appearance of the article or to convey information."  17 U.S.C. § 101.  It is generally accepted that the "intrinsic utilitarian function" of clothing is that it is "worn by an individual to cover and protect his or her body. … to cover embarrassing anatomical aspects or to protect … from exterior elements."  *Boyds Collection v. Bearington Collection, Inc.*, 360 F. Supp. 2d 655, 660 (M.D. Pa. 2005).

The Varsity Designs cannot rationally be asserted to be "dictated" either by such customary "utilitarian functions" of clothing or by what Defendants assert is a "function," *i.e.*, facilitating "easy movement."  Mem. Supp. 5.  The latter portion of Defendants' formulation, on the other hand ("attracting attention to the cheerleaders with bold lines and matching suits worn by multiple cheerleaders"), actually suggests that the function of cheer wear is "is to portray its own appearance" and "convey information"; *i.e.*, that cheer wear is not a "useful article" under 17 U.S.C. § 101 at all.  *See*, *e.g.*, *Superior Form Builders v. Dan Chase Taxidermy Supply Co.*, 74 F.3d 488, 494 (4th Cir. 1996) (holding that taxidermy mannequins are not "useful articles" under the Copyright Act because they function "merely to portray the appearance" of animals).

It appears, moreover, that "Defendant[s'] understanding of which elements of clothing can be copyrighted is too narrow."  *Express, LLC v. Fetish Group, Inc.*, 424 F. Supp. 2d 1211, 1224-25 (C.D. Cal. 2006) ("Express argues that because the 'placement,' 'arrangement' and

13

'scalloping' of the lace trim cannot exist separately from the camisole itself, these aspects of the GH268 Tunic cannot be accorded copyright protection. ... The point is that the placement and arrangement of the lace do not relate to the functionality of the GH268 Tunic.").

As the three Copyright Office Letter Rulings submitted herewith establish, the Varsity Designs embody sufficient "artistic or graphic authorship" to support a copyright registration regardless of whether a "separability" analysis is undertaken.  The cases Defendants cite do not support their argument that the Varsity Designs are unprotectible.

At issue in *Kieselstein-Cord v. Accessories by Pearl, Inc.*, 632 F.2d 989, 993 (2d Cir. 1980), Mem. Supp. 6, were the plaintiff's "Vaquero" and "Winchester" belt buckle designs:



The defendant justified its production and sale of cheap "line-for-line copies," referred to on its

order blanks as "'Barry K Copy,' 'BK copy,' and even 'Barry Kieselstein Knock-off,'"[7] *id.* at

991, on the basis that the buckles were unprotectible utilitarian objects.

    The Second Circuit reversed the district court's finding of copyright invalidity,

concluding

> that the plaintiff's belt buckle designs were copyrightable.  Taken as a
> whole, the belt undeniably was a "useful article" which performed the
> service of preventing one's pants from falling down.  The ornate buckle
> design, however, was conceptually separable from that useful "belt"
> function.  The design—which did not enhance the belt's ability to hold up
> one's trousers—could properly be viewed as a sculptural work with
> independent aesthetic value, and not as an integral element of the belt's
> functionality.

*Chosun Int'l*, 413 F.3d at 329.  The quantum of "original and creative separable artistic or

graphic authorship," Exhibits 2, 3, in each of the Varsity Designs is clearly sufficient under

*Kieselstein-Cord* as well as Copyright Office practice.

    In *Brandir Int'l, Inc. v. Cascade Pacific Lumber Co.*, 834 F.2d 1142, 1145 (2d Cir. 1987),

Mem. Supp. 6, the Court of Appeals held that design elements that "reflect a merger of aesthetic

and functional considerations … cannot be said to be conceptually separable from the utilitarian

elements."  Defendants argue that under *Brandir*,

> [t]he Plaintiff has no separable designs in this case but an obvious merger.
> The designs at issue all clearly rely on functional cheerleader uniform
> considerations in their designs.  No viewer of the designs would find them
> conceptually separable, but would see them as what they are cheerleader
> uniforms.  [*sic*]

---

[7] Similarly, Varsity over the years has learned of multiple instances of competitors using
Varsity's own catalogs to offer infringing knock-off merchandise to customers, and invoicing
customers for infringing items by referencing Varsity design numbers and/or the pages in the
Varsity catalog from which they are copied.

Mem. Supp. 6.  Defendants' arguments are meritless.  The inapplicability of *Brandir*'s "merger

doctrine" to the Varsity Designs is readily apparent by reference to the bike rack design that was

at issue:



As the Second Circuit held,

> Form and function are inextricably intertwined in the rack, its ultimate
> design being as much the result of utilitarian pressures as aesthetic
> choices.  Indeed, the visually pleasing proportions and symmetricality of
> the rack represent design changes made in response to functional
> concerns.

*Brandir*, 834 F.2d at 1147.  The notion that any of the Varsity Designs is dictated by "functional

concerns," as was the design of the *Brandir* bike rack, is preposterous:

> [The] altered design features of the RIBBON Rack, including the
> spacesaving, open design achieved by widening the upper loops to permit
> parking under as well as over the rack's curves, the straightened vertical
> elements that allow in- and above-ground installation of the rack, the
> ability to fit all types of bicycles and mopeds, and the heavy-gauged
> tubular construction of rustproof galvanized steel, are all features that
> combine to make for a safe, secure, and maintenance-free system of
> parking bicycles and mopeds.  Its undulating shape is said in *Progressive*

16

> *Architecture*, January 1982, to permit double the storage of conventional
> bicycle racks.

*Id.* The notion that all 18 different Varsity Designs at issue (and by extension, all of the Varsity

Designs) are dictated by the same functional considerations is outlandish.

The Fifth Circuit's decision in *Galiano v. Harrah's Operating Company, Inc.*, 416 F.3d

411 (5th Cir. 2005), Mem. Supp. 7, is not binding on this Court.  The Second Circuit has not

adopted the "likelihood of marketability" separability test set forth in *Galiano*, and indeed no

other circuit has.  *See* 2 William F. Patry, *Patry on Copyright* § 3:143 ("In *Galiano v. Harrah's*

*Operating Company, Inc.*, the Fifth Circuit made a sincere effort to address the vexing issues

raised by conceptual separability, but ultimately ended up settling on the worst possible solution:

a discredited approach for a single type of work, garment designs. … The Fifth Circuit should

abandon its approach.").

In any case, *Galiano* does not support Defendants' motion.  Contrary to Defendants'

position, the *Galiano* court acknowledges, rather than blurs, the difference between readily

protectible "fabric designs" such as the Varsity Designs and generally less-protectible "clothing

designs," and is careful to maintain the distinction:

> Nimmer's cogent discussion of the scope of copyright protection in design
> works breaks the subject into two categories:  (1) fabric design and (2)
> dress design.  Fabric designs include patterns or artistic features imprinted
> onto a fabric or that appear repeatedly throughout the dress fabric.
> Because one can generally separate the artistic elements of this design
> from the utility of the wearable garment, *Nimmer on Copyright* states that
> fabric designs are generally entitled to copyright protection.  On the other
> hand, dress designs, which graphically set forth the <u>shape, style, cut, and
> dimensions</u> for converting fabric into a finished dress or other clothing
> garment, generally do not have artistic elements that can be separated from
> the utilitarian use of the garment, and therefore typically do not qualify for
> copyright protection.
>
> … The caselaw generally follows Nimmer's conceptual breakdown.
> Design of sweaters is usually classified as "fabric design" and is entitled to

17

copyright protection.  Similarly, artistic designs woven or imprinted onto rugs qualify for copyright protection.

*Galiano*, 416 F.3d at 419-20, citing M. Nimmer and D. Nimmer, *Nimmer on Copyright* § 2.08[H][1] (emphasis added).

In *Galiano* the plaintiff sought copyright protection for its three-dimensional designs—the shape, style, cut and dimensions—of articles of clothing; however, as the district court noted, "it is the <u>artwork applied to</u> or the <u>fabric design</u> from which the article of clothing is constructed that is protected by a copyright, <u>not the design of the article of clothing</u> itself."  *Galiano v. Harrah's Operating Co.*, 2004 U.S. Dist. LEXIS 8265, *21 (E.D. La. May 10, 2004) (emphasis added).  The Fifth Circuit affirmed the district court's finding that the plaintiff's uniform designs were not copyrightable "[b]ecause the court could not equate the <u>design of the uniforms' buttons, pleats, and collars</u>—though admittedly very creative—to <u>an artistic drawing on a shirt or a fabric design</u>."  416 F.3d at 414 (emphasis added).

In stark contrast to the Varsity Designs, the collection of "uniform designs" in *Galiano* consisted not of "fabric designs," "two-dimensional artwork" or "designs on garments," but rather the "shape, style, cut, and dimensions" of the garments themselves, including such features as:

> Uniform Jackets: semi-fitted look, princess lines in front and back, star buttons
>
> Uniform Shirts: asymmetric closures, piped mandarin collar with center front notch, embroidered cuff logo, star buttons, and coin design
>
> Chef Uniform: distinctive bib front, mandarin collar with center front notch, cuff logo and trim, and striped pants.
>
> Chef Hats: uniquely shaped like vegetables
>
> Uniform Shirt: short sleeves, piped mandarin collar with center front notch, jacquard fabric trim on a concealed button or snap placket, with

additional jacquard fabric stripes down either side, piped cuff trim, inverted center back pleat with star at the top

Tuxedo Jackets: distinctive shawl collar styling with a deep V neckline

*Galiano*, 416 F.3d at 413.  Varsity has never claimed, and in this action and elsewhere has expressly disclaimed, copyright in the "shape, style, cut, and dimensions" of any garment.

It is crystal-clear that the Varsity Designs that Defendants appear to have copied are not "designs of buttons, pleats and collars," or "the design of the article of clothing itself," *Galiano*, 2004 U.S. Dist. LEXIS 8265 at *21.  It is just as clear that the registered copyrights in the Varsity Designs, whether characterized as "fabric designs," "two-dimensional artwork," "designs on garments" or otherwise, are valid under all applicable case law as well as the practices of the Copyright Office.   Defendants' motion is wrong—indeed, objectively unreasonable—on the facts and the law.

## CONCLUSION

For all of the foregoing reasons, Varsity respectfully requests that this Court deny Defendants' Motion in its entirety, and award Varsity such other and further relief as this Court deems just and proper.

Dated: New York, N.Y.
    July 8, 2009

Respectfully submitted,


     s/Arlana S. Cohen
Arlana S. Cohen (asc@cll.com)
Thomas Kjellberg (txk@cll.com)
COWAN, LIEBOWITZ & LATMAN, P.C.
1133 Avenue of the Americas
New York, New York 10036-6799
(212) 790-9200
Attorneys for Plaintiffs Varsity Brands, Inc.,
    Varsity Spirit Fashions and Supplies, Inc. and
    Varsity Spirit Corporation

19