UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
VARSITY BRANDS, INC., VARSITY SPIRIT
FASHIONS AND SUPPLIES, INC. AND
VASITY SPIRIT CORPORATION,

                             Plaintiffs,

           -against-

J&M SPIRIT WEAR, INC. AND LOUIS D.
HERNANDEZ,

                            Defendants.
------------------------------------------------------------x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/19/2009

09 Civ. 1795 (PKC)

MEMORANDUM AND ORDER

P. KEVIN CASTEL, District Judge:

        This is an action for copyright infringement, trademark infringement, false advertising, and unfair competition.  Plaintiffs allege infringement of copyrights on various two-dimensional designs ("Varsity Designs").  Defendants are alleged to have applied the Varsity Designs to cheerleading apparel and included them in photographs used in catalogs.  (Am. Compl. ¶ 23.)  Plaintiffs also allege that defendants have used their MOTIONFLEX mark in violation of the Lanham Act.  In addition, plaintiffs assert claims for false advertising and unfair competition arising from the same set of underlying facts.

        Defendants move to dismiss the First Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6), Fed. R. Civ. P.  As explained below, the motion is denied.  The arguments would be more properly made in a motion for summary judgment at the conclusion of fact discovery.

BACKGROUND

For the purposes of this motion to dismiss, the allegations set forth below are accepted as true, with the exception of legal conclusions couched as factual allegations. See Iqbal v. Ashcroft, 129 S. Ct. 1937, 1949-50 (2009). All reasonable inferences are drawn in the plaintiffs' favor as the non-movants. United States v. City of New York, 359 F.3d 83, 91 (2d Cir. 2004), cert. denied, 543 U.S. 1146 (2005).

A. The Parties.

Defendant J&M Spirit Wear, Inc. ("J&M") is a corporation organized under the laws of the State of Florida which does and/or transacts business in this District. Defendant Louis D. Hernandez is the President of J&M. J&M is in the business of selling apparel for cheerleading and related activities. (Am. Compl. ¶ 21.)

Plaintiffs Varsity Brands, Inc., Varsity Spirit Corporation, and Varsity Spirit Fashions & Supplies, Inc. (together "Varsity") are corporations organized under the laws of Delaware, Tennessee, and Minnesota, respectively, with their principal places of business in Tennessee. They are engaged in the business of designing, manufacturing, and selling cheerleading apparel and accessories. (Am. Compl. ¶ 9.)

B. This Action

The plaintiffs commenced this action on February 26, 2009. Plaintiffs allege that defendants have "copied a significant number" of their copyrighted fabric designs and marketed and sold those designs to consumers via catalogs and the website www.jmspiritwear.com. (Am. Compl. ¶¶ 21-23.) Plaintiffs further allege that defendants also offer for sale "Motion-stretch Bodyliner[s]" which infringe upon Plaintiffs' trademarked MOTIONFLEX series of bodyliner garments. (Id. at ¶¶ 24-26.) Plaintiffs

seek to enjoin defendants from manufacturing or offering for sale or selling any product

or article bearing the Varsity Designs and from using the "MOTIONFLEX" mark.

Plaintiffs also seek an award of money damages and other relief.


STANDARD GOVERNING A MOTION TO DISMISS

   Rule 8(a)(2), Fed. R. Civ. P., requires "a short and plain statement of the

claim showing that the pleader is entitled to relief, in order to give the defendant fair

notice of what the . . . claim is and the grounds upon which it rests." Bell Atlantic Corp.

v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1964 (2007) (quoting Conley v. Gibson, 355

U.S. 41, 47 (1957)) (ellipsis in original).  To survive a motion to dismiss under Rule

12(b)(6), a plaintiff must provide the grounds upon which the claims rest, through factual

allegations sufficient to raise a right to relief above the speculative level.  ATSI

Commc'ns, Inc. v. Shaar Fund, Ltd., 493 F.3d 87, 98 (2d Cir. 2007) (quoting Twombly,

127 S.Ct. at 1965).  "A claim has facial plausibility when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." Iqbal, 129 S. Ct. at 1949.  "The plausibility standard . . .

asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  Legal

conclusions and "[t]hreadbare recitals of the elements of a cause of action" do not suffice

to state a claim, as "Rule 8 . . . does not unlock the doors of discovery for a plaintiff

armed with nothing more than conclusions."  Id. at 1949-50.

   The Supreme Court has described the motion to dismiss standard as

encompassing a "two-pronged approach" that requires a court first to construe a

complaint's allegations as true, while not bound to accept the veracity of a legal

conclusion couched as a factual allegation. Id. Second, a court must then consider whether the complaint "states a plausible claim for relief," which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. Although the Court is limited to facts as stated in the complaint, it may consider exhibits or documents incorporated by reference without converting the motion into one for summary judgment. See Int'l Audiotext Network, Inc. v. Am. Telephone & Telegraph Co., 62 F.3d 69, 72 (2d Cir. 1995).

DISCUSSION

In order to state a claim for copyright infringement, plaintiffs must plead sufficient facts to establish that they own a valid copyright and that the defendants copied elements of the work that were copyrightable. See Key Publ'ns, Inc. v. Chinatown Today Publ'g Enters., Inc., 945 F.2d 509, 514 (2d Cir. 1991). There is a presumption of copyright validity where the work has been registered with the Copyright Office. 17 U.S.C. 410(c).

Here, plaintiffs assert that they are responsible for the original creations (Am. Compl. ¶¶ 10, 14) which have been registered with the Copyright Office (Id. at ¶¶ 12, 15). Plaintiffs also attach copies of the various registration certificates as exhibits to the Amended Complaint. (See id. Exs. 15-32.) They allege that defendants, "without permission, license or consent from Varsity, have copied a significant number of Varsity Designs." (Am. Compl. ¶ 23.) Plaintiffs also list eighteen specific designs which they allege defendants have copied and provide corresponding design numbers for defendants' designs. In many instances, plaintiffs provide photographic comparisons of the garments

upon which these designs appear as exhibits to the Amended Complaint. (See Am. Compl. Exs. 1-14.)

Defendants argue that the copyrights are invalid as a matter of law because plaintiffs misled the Copyright Office in their copyright applications. Defendants further allege that plaintiffs intended to gain copyright protection over the uniform designs but mislabeled the items in the registration forms. (Def. Mem. of Law 5-6.) A party asserting fraud on the Copyright Office must establish (1) that the application for copyright registration is factually inaccurate; (2) that the inaccuracies were willful or deliberate; and (3) that the Copyright Office relied on those misrepresentations. See Fonar Corp. v. Domenick, 105 F.3d 99, 105 (2d Cir. 1997); Whimsicality, Inc. v. Rubie's Costume Co., 891 F.2d 452, 455 (2d Cir. 1989); Eckes v. Card Prices Update, 736 F.2d 859, 861-62 (2d Cir. 1984). In the Amended Complaint, however, plaintiffs assert copyright protection of the "two-dimensional designs . . . that are reproduced on and/or applied to Varsity apparel and accessories" as well as the "original full-color catalogs" showing the Varsity apparel and the original text and photographic images therein." (Am. Compl. ¶¶ 10, 14.) Contrary to defendants' assertions, plaintiffs do not claim to have copyright protection over the uniforms. In fact, plaintiffs expressly acknowledge that they are not asserting protection over the design of the clothing or accessories. (Pl. Opp. Br. at 7.) Plaintiffs are alleging that defendants have infringed by selling items with distinctive stripes and patterns for which they have copyright protection.

Drawing all reasonable inferences in favor of the plaintiffs, the non-movants, the Court cannot determine as a matter of law that the copyright registration certificates are invalid or that plaintiffs committed a fraud on the Copyright Office.

Plaintiffs assert that they registered the two-dimensional artwork and fabric designs with the Copyright Office and have attached registration certificates to the Amended Complaint.  There is nothing on the face of these documents which indicates that they were obtained in error or through any misrepresentation.  The certificates are registrations of "fabric design (artwork)", "2 dimensional artwork and text", and "photograph[s]."  The same designations are used by plaintiffs in the Amended Complaint.  (See Am. Compl. ¶¶ 10, 15.)

Defendants' arguments regarding the validity of the registration certificates are better suited for a summary judgment motion.  In fact, defendants urge the Court to order additional discovery regarding correspondence with the Copyright Office because it is "relevant to this motion."  (Def. Reply Br. at 2.)  Matters not set forth in the Amended Complaint nor incorporated by reference are not properly considered on the motion.

CONCLUSION

The motion to dismiss is DENIED.  Fact discovery is extended until December 30, 2009.  The next case management conference will be held on January 8, 2010 at 10:15 a.m.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       October 19, 2009