

Ms. Arlana Cohen
Mr. Angel Mortogei and
and Mr. Stephen Crosby P.C. of
to appear in Courtroom 12C
4PM on December 11.
BY 2PM, anyone to
shall fax her response letter to
the December Chambers.
SO ORDERED
[signature] USDJ
12-10-09
On
December
11

**FELDMAN LAW GROUP, P.C.**
PATENT, COPYRIGHT AND TRADEMARK LAW
12 EAST 41st STREET
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 532-8585
TELEFAX: (212) 532-8598
www.feldman-law.com

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-10-09

LONG ISLAND OFFICE
120 MAIN STREET (ROUTE 25A)
HUNTINGTON, NEW YORK 11743

**MEMO ENDORSED**

December 9, 2009

RECEIVED
DEC 10 2009
CHAMBERS OF
P. KEVIN CASTEL
U.S.D.J.

**Via FedEx**
Honorable P. Kevin Castel
United States District Judge
United States District Court
500 Pearl Street, Room 920
New York, NY 10007

Re:   **Varsity Brands, Inc., et al v.**
**J&M Spirit Wear, Inc., et. al.**
**09-CV-01795 (PKC)**

Dear Judge Castel:

We represent Defendants in the above action and write respectfully requesting a pre-motion conference for leave to move the Court to strike Plaintiffs' complaint for failure of discovery pursuant to Rule 37.

As the Court may recall, Plaintiffs repeatedly failed to produce witnesses for deposition during discovery, produce requested documents and formally answer interrogatories **(Exhibit A)**. Then Ms. Cohen refused to meet and confer face-to-face in violation of Your Honor's November 19, 2009 order to meet and confer in good faith. When she finally agreed to do so, she refused to write a joint letter with us. Yet, without warning, she belatedly sent such a letter to us, but only after hours so that it would not be received until Friday morning on December 4, 2009, the date it was due.

The letter was so inaccurate, distorted and incomplete[1] that Defendants had to apply to Your Honor for an extension until today, but it was a start, and Plaintiffs' counsel had offered to further discuss the letter.

---

[1] Plaintiffs' December 4, 2009 letter omitted the key disputed issues discussed during our meet and confer: e.g., the production of documents and things relevant to the issue of separability, key witnesses noticed for deposition with knowledge of the non-separable nature of its uniform designs, and the notice in its catalogs showing the copyrights at issue are, indeed, *all* for "Uniform Designs".

However, when we repeatedly tried in good faith all week to meet and confer with Ms. Cohen, she first resisted, and then flatly refused to meet and confer with us today **(Exhibit B).** Her absolute refusal came only after we submitted the first draft of a joint letter containing both parties *unfettered* input **(Exhibit C).**

Then she had another attorney at her firm, Angela Martucci, call us late this afternoon, to explicitly inform us that: Ms. Cohen disfavored Defendants' general input, case law, and position statements, Varsity will not agree to sign any joint letter that contains references to Varsity's copyright notices in its catalogs for "Uniform Designs", and that her call was not to be considered a meet and confer with Plaintiffs. Moreover, she conveyed Ms. Cohen's demand that Defendants remove from the draft joint letter our unfettered input, position statements, references to the copyright notices in their catalogs, and the case law we cited.[2] At that point we were instructed to just fill in the blanks in Varsity's earlier draft of December 4, 2009 and stick to the narrow issues Varsity unilaterally defined therein.

Varsity explicitly refuses to develop a joint letter that allows both parties' voices to be heard by Your Honor without censorship by Varsity. Ms. Martucci informed us it is Varsity's position that Your Honor ruled that Defendants (somehow) forfeited any opportunity for unfettered input into a joint letter, which Varsity submitted late and unexpectedly for Defendants input just prior to the initial deadline last Friday, December 4, 2009.

Therefore, for the above and other reasons, we respectfully request a pre-motion conference for leave to move the Court to strike Plaintiffs' complaint for failure of discovery pursuant to FRCP Rule 37.

Respectfully submitted,

Steven M. Crosby

cc:
Arlana Cohen
Thomas Kjellberg

---

[2] In particular, *Jack Adelman, Inc. v. Sonners & Gordon, Inc., et. al.*, 112 F.Supp. 187, 21 U.S.P.Q. 218 (S.D.N.Y. 1934) (drawings of clothing provide no protection for the clothing itself) and *Eliya, Inc., v. Kohl's Department Stores*, 2006 WL 2645196 (S.D.N.Y.) (providing Judge Lynch's well reasoned opinion on the application of separability analysis).

# Exhibit A

| Deposition Schedule - Varsity Brands, Inc., et al v. J&M Spirit Wear, Inc., et. al. 09-CV-01795 (PKC) | | | | |
|---|---|---|---|---|
| **Witness** | **Dates Noticed or Re-Noticed** | **Dates Scheduled** | **Status** | **Rescheduled?** |
| **Louis Hernandez** (Listed on J&M's initial disclosures) and **J&M 30(b)6** | September 23, 2009 (by email for Mr. Hernandez) and October 9, 2009 (By hand for J&M) | October 13, 2009  October 13, 2009 | Cancelled by Hernandez and J&M due to family medical emergency | Witness offered October 27-29. No response from Varsity until now. J&M checking for available dates. |
| **Jeff Webb** (Listed on Varsity's initial disclosures) | October 7, 2009 (by email) | October 15, 2009 | Cancelled by Varsity | Refused to reschedule |
| **Varsity 30(b)6** | October 8, 2009 (by email) | October 17, 2009 | Cancelled by Varsity | Refused to reschedule |
| **Svetlana Boswell** (Listed on Varsity's initial disclosures) | October 7, 2009 (by email) | October 20, 2009 | Cancelled by Varsity | Refused to reschedule |
| **Kim Carroll** (Listed on Varsity's initial disclosures) | October 7, 2009 (by email) | October 23, 2009 | Cancelled by Varsity | Refused to reschedule |
| **Brian Carroll** (Listed on Varsity's initial disclosures) | October 7, 2009 (by email) | October 26, 2009 | Cancelled by Varsity | Refused to reschedule |
| **Marie Georgopulos** (Listed on Varsity's initial disclosures) | October 7, 2009 (by email) | October 28, 2009 | Cancelled by Varsity | Refused to reschedule |
| **Marie Georgopulos** (Listed on Varsity's initial disclosures) | October 30, 2009 (by mail) November 2, 2009 (by hand) | November 11, 2009 | Cancelled by Varsity | Refused to reschedule |
| **Svetlana Boswell** (Listed on Varsity's initial disclosures) | October 30, 2009 (by mail) November 2, 2009 (by hand) | November 13, 2009 | Cancelled by Varsity | Refused to reschedule |
| **Jeff Webb** (Listed on Varsity's initial disclosures) | October 30, 2009 (by mail) November 2, 2009 (by hand) | November 16, 2009 | Cancelled by Varsity | Refused to reschedule |
| **Varsity 30(b)6** | October 30, 2009 (by mail) November 2, 2009 (by hand) | November 18, 2009 | Default by Varsity | Refused to reschedule |
| **Kim Carroll** (Listed on Varsity's initial disclosures) | October 30, 2009 (by mail) November 2, 2009 (by hand) | November 20, 2009 | Postponed by Varsity due to Varsity 2010 Catalog | No alternative dates offered as of November 18, 2009 |
| **Brian Carroll** (Listed on Varsity's initial disclosures) | October 30, 2009 (by mail) November 2, 2009 (by hand) | November 23, 2009 | Cancelled by Varsity | Refused to reschedule |
| **Emily Terral** (Newly disclosed Varsity designer) | November 16, 2009 (by hand) | December 2, 2009 | No response by Varsity | No response by Varsity |
| **Gary Spencer** (Varsity VP of Production) | November 16, 2009 (by hand) | December 4, 2009 | No response by Varsity | No response by Varsity |
| **Helen Price** (Newly disclosed Varsity designer) | November 16, 2009 (by hand) | December 7, 2009 | No response by Varsity | No response by Varsity |
| **Jan Calame** (Newly disclosed Varsity designer) | November 16, 2009 (by hand) | December 9, 2009 | No response by Varsity | No response by Varsity |

# Exhibit B

----- ------- Original Message ------- -----
From: '', ASC@cll.com
To: smcrosby@feldman-law.com, feldilaw@gmail.com,
sfeldman@feldman-law.com, '', AMM@cll.com,
TXK@cll.com
Sent: Wed, 9 Dec 2009 15:50:01

I looked at it..VERY BRIEFLY. It contains lies, misstatement and BS .

I cannot agree to any of it. Put it in a separate letter.

I CANNOT AND WONT TALK TO YOU

Arlana S. Cohen, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036
ph: (212) 790-9237
fax: (212) 575-0671
e-mail: asc@cll.com
Secretary: LaToya R. Middleton
e-mail: lrm@cll.com

----- ------- Original Message ------- -----
Dear Arlana,

I understand.

We also have a "joint" letter due today (on extension) that we must submit tonight. This
is a "joint" letter which the Court requires us to do together. I think it is best done via
phone.

Please read the draft I provided today with Defendants' input, compromises, positions
and proposed solutions and let me know how close we are on each item or if there is
room for further compromise from Plaintiffs' perspective.

I have taken your letter and organized it to accommodate Defendants' input while
preserving as much of your structure as I could. But we need to do this together over the
phone and it is due today.

Steve

----- ------- Original Message ------- -----
From: ", ASC@cll.com
To: smcrosby@feldman-law.com
Sent: Wed, 9 Dec 2009 13:21:46

Steve- I have a brief due today. I still don't know what you want to discuss,

Arlana S. Cohen, Esq.
Cowan, Liebowitz & Latman, P.C.
1133 Avenue of the Americas
New York, NY 10036
ph: (212) 790-9237
fax: (212) 575-0671
e-mail: asc@cll.com
Secretary: LaToya R. Middleton
e-mail: lrm@cll.com

-----Original Message-----
From: Steve Crosby
[mailto:smcrosby@feldman-law.com]
Sent: Wednesday, December 09, 2009 1:07 PM
To: Cohen, Arlana S.; feldilaw@gmail.com;
sfeldman@feldman-law.com; sfeldman@feldman-law.com;
Martucci, Angela M.; smcrosby@feldman-law.com;
Kjellberg, Thomas
Subject: RE: Re: J&M v. Varsity - 09cv1795

Dear Arlana,

As you can see from the attached draft, there was room compromise in some areas. I am
working on J&M's conclusion and inserting case law now. I will be in the office at 3pm
and available to meet and confer thereafter.

Steve

----- ------- Original Message ------- -----
From: ", ASC@cll.com
To: smcrosby@feldman-law.com, TXK@cll.com
Sent: Tue, 8 Dec 2009 19:33:14

As judge stated, kindly just add your imput to the letter we sent you on Friday. We
worked late on thursday and Wednesday to complete it on time. If you think there are
now areas of agreement, so indicate in the letter or email me about them, and if need be,
then we can discuss. Ok?

Arlana S. Cohen, Cowan, Liebowitz and Latman--------------------------

----- Original Message -----
From: Steve Crosby <smcrosby@feldman-law.com>
To: Cohen, Arlana S.; txk@ccl.com <txk@ccl.com>
Cc: feldilaw@gmail.com <feldilaw@gmail.com>;
sfeldman@feldman-law.com
<sfeldman@feldman-law.com>

Sent: Tue Dec 08 17:29:58 2009
Subject: J&M v. Varsity - 09cv1795


Dear Arlana,

To address your question - why would we meet and confer now? - as you know, you
talked over me for most of the meeting and then told the Court that, "Defendants, at the
meet and confer, were unable to state the specific requests for which it sought
documents." (see FN 1 in your December 4, 2009 letter to Judge Castel).

When I tried to discuss settlement and why it broke down, you leaned over the table in a
threatening manner and cursed my client and then at me. I trust that will not happen ever
again (please confirm).

Nonetheless, I still believe we will be able to agree on some things and narrow the issues
before Judge Castel, so I would like to meet and confer after sending you the joint letter I
am working on now. Are you available in the morning?

Steve

----- ------- Original Message ------- -----
From: ", ASC@cll.com
To: smcrosby@feldman-law.com, TXK@cll.com
Sent: Mon, 7 Dec 2009 18:05:03

Steve-

Tom is out this week in LA, and today he was unreachable. So, I have no clue about why
we would meet and confer now..didn't we do this already??

Arlana S. Cohen, Cowan, Liebowitz and
Latman--------------------------

----- Original Message -----
From: Steve Crosby <smcrosby@feldman-law.com>
To: Kjellberg, Thomas; Cohen, Arlana S.
Sent: Mon Dec 07 11:09:34 2009
Subject: J&M v. Varsity - 09cv1795


Dear Tom and Arlana,

As per my correspondence and your offer to meet and confer, I'm available.

Please let me know what times you are available today, tomorrow, and Wednesday.

Thanks

Steve
==============
Steven M. Crosby
Feldman Law Group P.C.
12 E. 41st St. - 16th Floor
New York, NY 10017


p: (212)532-8585
f: (212)532-8598


e: smcrosby@feldman-law.com

# Exhibit C

## FELDMAN LAW GROUP, P.C.

PATENT, COPYRIGHT AND TRADEMARK LAW
12 EAST 41ST STREET
NEW YORK, NEW YORK 10017
TELEPHONE: (212) 532-8585
TELEFAX: (212) 532-8598
www.feldman-law.com

Steven M. Crosby
Direct (212) 532 2383
smcrosby@feldman-law.com

## Cowan, Liebowitz & Latman, P.C.

LAW OFFICES
1133 Avenue of the Americas   •   New York, NY 10036-6799
(212) 790-9200   •   www.cll.com   •   *Fax* (212) 575-0671

Arlana S. Cohen
Direct (212) 790-9237
asc@cll.com

December 9, 2009

**Via Fax (212-805-7949)**

Hon. P. Kevin Castel
United States District Judge          **DRAFT**
United States District Court
Southern District of New York
500 Pearl Street, Room 920
New York, NY 10007

  Re: Varsity Brands, Inc., *et al.* v. J&M Spirit Wear, Inc., *et al.*
    No. 09-CV-1795

Dear Judge Castel:

  Counsel for plaintiffs Varsity Brands, Inc., *et al.* (hereinafter "Varsity") and defendants J&M Spirit Wear, Inc., *et al.* (hereinafter "J&M" or "Defendants") respectfully submit this joint letter in response to the Court's Orders dated November 19, 2009 and December 4, 2009 regarding the discovery disputes herein.

  In accordance with the Court's Order, the parties met and conferred in person for over two hours regarding these disputes and again by telephone earlier today.

  The parties narrowed some issues pursuant to *Zaccaro v. Shah*, No. 08 Civ. 3138 (PKC), 2008 U.S. Dist. LEXIS 106176 (S.D.N.Y. December 22, 2008). As set forth below, however, most disputes remain unresolved due to a disagreement over the subject matter of this lawsuit and other reasons enumerated below.

  J&M's General Statement: The parties agree that uniform designs are dress designs and such clothing is not copyrightable subject matter under U.S. copyright law. *Jack Adelman, Inc. v. Sonners & Gordon, Inc., et. al.*, 112 F.Supp. 187, 21 U.S.P.Q. 218 (S.D.N.Y. 1934) (drawings of clothing provide no protection for the clothing itself).

  However, Plaintiff alleges that separability of the designs from the functional uniforms is not an issue in this case and is opposing much of our basic discovery on that basis. As the court may recall, one of the key defense issues in this case is that Plaintiffs' copyrights are not separable from its cheerleader uniforms and that such clothing is not copyrightable.

**Error! Unknown document property name.**

Hon. P. Kevin Castel
December 9, 2009
Page 2

Unfortunately, during the face-to-face meeting Varsity's attorneys did not cooperate in good faith. The actual meet and confer on discovery lasted one hour. During that hour its counsel refused to discuss most of the individual issues, talked over me, and cursed both the Defendants and me. In frustration, I initiated settlement discussions for the second hour, in which Plaintiffs' counsel was even more hostile and personal. We believe closer supervision in both these areas, discovery and settlement, perhaps by a magistrate judge, would be beneficial.

Varsity's Overall Position: Defendants' counsel declined to "cull down" the issues to those of primary importance. This is ironic and unfortunate since Varsity timely produced documents to Defendants, while Varsity has received virtually no responses from Defendants. In fact, until yesterday, J&M had not answered the Complaint.

### Interrogatories:

(1)     Issue: Varsity's responses to Defendants' First Set of Interrogatories to Plaintiffs.

J&M requests "better" responses to each of its interrogatories (1-5).

Varsity's Position: In the meet and confer, Varsity explained that "better" responses were not possible due in large part to J&M's defined term "Plaintiffs' Works" used in each of the five interrogatories, which define Varsity's "Works" as "clothing designs." The definition as used by J&M was:

"The term 'Plaintiff's Works' means the clothing designs assertedly owned by Plaintiff, which Plaintiff asserts are infringed by J&M Defendants."

Since each interrogatory makes reference to the ill-defined term, notwithstanding this Courts ruling on J&M's motion to dismiss, Varsity requested that J&M amend its definition.

J&M's Position: Plaintiffs should immediately amend its answers which are not responsive. Varsity is misquoting the definition of Plaintiffs' Works used in the interrogatories. In Document Request No. 1, Plaintiffs' Works are defined as both Plaintiffs' designs in its copyrights and/or Plaintiffs' uniforms:

"Documents sufficient to identity each individual design and/or other item of clothing owned by each Plaintiff that it claims any or all of the Defendants have infringed (hereinafter each "Plaintiffs Works")."

These interrogatories seek basic information concerning relevant witnesses and documents, such as the identity of all the individual creators of the copyrighted designs at issue and identification of documents showing the design, conception, development, and first publication of each of its works, the distributors, sales representatives, retailers,

**Error! Unknown document property name.**

Hon. P. Kevin Castel
December 9, 2009
Page 3

suppliers and each document reflecting or describing the supplying of such items of Plaintiffs' Works. We also asked for the identification of opinions of counsel and persons who received such opinions by writing or orally.

Resolution: A chart setting forth each individual interrogatory and its answer, and the particular dispute regarding each, is attached as Exhibit A.

### Document Requests:

J&M's General Position: Varsity claims that its uniforms and related documents are not relevant to this lawsuit because it is not copyrighting uniforms, but 2-dimensional artwork. However, this information related to the uniforms is crucial to the defense that the copyrights are not separable from the Varsity uniforms. *Eliya, Inc., v. Kohl's Department Stores,* 2006 WL 2645196 (S.D.N.Y.). In the publicly available documents obtained so far, relevant information of this topic abounds, indicating Varsity's complete production as listed below is likely to be similarly relevant.
Varsity maintains that it is suing on copyrights for two-dimensional artwork, fabric designs, and photographs that defendants have applied to the J&M uniforms and that it is not suing on its uniform designs. Yet, prominently displayed on the inside front cover of Varsity's 2009 catalog is the statement,

> "Every Varsity <u>uniform</u> is an original copyrighted design and bears the distinctive Varsity trademarked logo. Each design must pass rigorous standards for <u>style, construction, fit, and performance</u> before it can be called a Varsity Original." (emphasis supplied)

Moreover, Varsity has placed a copyright notice in many of its catalogs, for over decade now, that tells the world,

> "Uniform Designs © [year] Varsity Spirit Corporation. All rights reserved. <u>The original uniform designs depicted in this catalog are the exclusive property of Varsity Spirit Corporation</u>. They may not be reproduced or manufactured without written permission from Varsity Spirit Corporation." (emphasis supplied)

The documents related to Varsity's uniforms are apt to provide evidence of non-separability, such as what Varsity represents to the public that its copyrights protect: "Uniform Designs."

(2)     Issue: Varsity's responses to Defendants' First Set of Document Requests

**Error! Unknown document property name.**

Hon. P. Kevin Castel
December 9, 2009
Page 4

(a)     J&M seeks documents related to the conception (including prior designs referenced for
        inspiration), authorship, creation, design, and development of the Varsity designs.[1]

        J&M's Position: timing of production is crucial because we need production of all of
        documents prior to the depositions. In this category Plaintiffs have produced three sheets
        of paper, promised in October to seek the rest from Varsity, and will not confirm this is
        its full production. It is reasonable to assume other documents exist, e.g., customer design
        input, third party works referenced, and computer-aided design and manufacturing
        documents. J&M asked that Varsity produce all of these documents now before the
        depositions so as not to require re-deposition of witnesses.

        Varsity's Position: Varsity has indicated that it would produce, and has produced,
        documents related to the requested documents.  Varsity reserves the right to supplement
        the production of these documents if discovers further documents responsive to this
        request.

        Resolution:  None.

(b)     J&M seeks documents related to the manufacture of the Varsity designs.

        J&M's Position: these documents are at least relevant to the issues of separability and
        creation. For example, if the manufacturing documents show that elements of the
        copyright serve a function in the useful article or were added during manufacture rather
        than creation.

        Varsity's Position:  The manufacturing of goods bearing Varsity's designs is not at issue
        in this litigation.  Varsity holds valid copyright registrations for the designs at issue here
        and Varsity has alleged that J&M has infringed those copyrights.  Documents relating to
        the manufacture of Varsity's goods are not relevant, and are not reasonably calculated to
        lead to admissible evidence relevant, to whether J&M has infringed Varsity's designs.

        _____

        [1] Varsity's General Note: Defendants, at the meet and confer, were unable to state the
        specific requests for which it sought documents.  Rather, Defendants stated that Varsity should
        rely on Defendants' August 4, 2009 letter, addressed to Arlana Cohen, to determine the
        documents they were seeking. However, subsequent to the August 4, 2009 letter, Varsity timely
        produced to Defendants its documents.  Thus, Varsity is addressing herein the general discovery
        requests in Defendants' November 18, 2009 letter to the Court. Defendants state that they are
        seeking certain categories of documents, which we detail in this letter.

        J&M's Position: As reported earlier, when Defendants tried to go over each request
        individually, Varsity's counsel began speaking over Defendants' counsel and cursed both
        Defendant and its counsel. In an effort to compromise, Defendants have responded in this letter
        based on Varsity's delineation of the categories of documents at issue. Defendants reserve their
        right to seek the remained of the documents after these issues are resolved.

**Error! Unknown document property name.**

Hon. P. Kevin Castel
December 9, 2009
Page 5

       Resolution:  None.

(c)     J&M seeks documents related to the first publication of the Varsity designs.

       J&M's Position: The timing of production is crucial because we need production of all of documents prior to the depositions. Counter to its statements, Varsity has not produced its yearly catalogs going back to the first date of publication of its earliest copyright in this case. We seek all such catalogs complete and in tact and any other documents evidencing first publication (e.g., first sale documents, first publication marketing material, etc.).

       Varsity's Position:  Varsity has produced the copyright registrations and catalogs for each of the Varsity designs at issue.  Each copyright registration claims a date of first publication.  Varsity is unclear as to what other documents J&M is seeking with regarding to "the first publication" of the Varsity designs.

       Resolution: None.

(d)     J&M seeks documents related to the ownership (including work-for-hire, assignment and transfers) of the Varsity designs.

       J&M's Position: defendants seek the underlying documents proving the representations in the copyright registrations. For example, if all of the copyrights were authored by Varsity employees as works-for-hire, there would be documents showing that the authors were all employees of Varsity. Varsity has refused to produce such documents.

       Varsity's Position:  Varsity has produced the copyright registrations for each of the Varsity designs at issue.  The copyright registrations provide the owner of the works. Although J&M may not be satisfied that the corporate entity is named as the owner, the corporate entity *is* the owner of the works.  The registrations indicate that the designs were made as works for hire.

       Resolution: None.

(e)     J&M seeks documents related to the suppliers, purchasing and importation of the Varsity designs.

       J&M's Position:  these documents are at least relevant to the issues of separability and creation. For example, these documents are likely to show the physical elements of the Varsity uniforms, which goes to the non-separability analysis that Defendants advocate and the fact finder will perform. *Eliya, Inc., v. Kohl's Department Stores,* 2006 WL 2645196 (S.D.N.Y.).

**Error! Unknown document property name.**

Hon. P. Kevin Castel
December 9, 2009
Page 6

Varsity's Position:  The suppliers, purchasing and/or importation of Varsity's designs is not at issue in this litigation.  Varsity holds valid copyright registrations for the designs at issue here and Varsity has alleged that J&M has infringed those copyrights.  Documents relating to the suppliers, purchasing and/or importation of the Varsity's designs are not relevant, and are not reasonably calculated to lead to admissible evidence relevant, to whether J&M has infringed Varsity's designs.

Resolution: None.

(f)      J&M seeks documents related to the advertising and marketing of the Varsity designs.

J&M's Position: In this category, Varsity has only produced isolated random pages of its catalogs, but promises to supplement. The timing of production is crucial because we need production of all of documents prior to the depositions. Defendants seek all Varsity's catalogs and copy of each piece of its advertising and marketing during the period of first date of creation to present. Defendants have offered to inspect the documents at Varsity's counsel or event appropriately narrow this request if the responsive documents are too voluminous, however, Varsity has not responded.

Varsity's Position: Varsity has provided documents reflecting advertising and marketing of the Varsity designs.  However, Varsity will supplement its production with additional such materials.

Resolution: None.

(g)      J&M seeks documents related to the sales, profits and customer information for the Varsity designs.

J&M's Position: These documents are relevant to at least non-separability, authorship, and damages. For example, Defendant may want to inquire of Plaintiffs' customers about the functionality of elements of the copyright and any input into authorship (Plaintiffs' catalog itself describes a "U-Style It" process calling for customer input into the design). Sales and profits are of course, relevant to Plaintiffs' alleged damages. Defendants have offered to inspect or event appropriately narrow this request is Plaintiffs' represent that they are not seeking lost profits, but Plaintiffs have refused.

Varsity's Position:  The sales, profits and customer information for the Varsity designs is not at issue in this litigation.  Varsity holds valid copyright registrations for the designs at issue here and Varsity has alleged that J&M has infringed those copyrights.  Documents relating to Varsity's sales, profits and customer information are not relevant, and are not reasonably calculated to lead to admissible evidence relevant, to whether J&M has infringed Varsity's designs.

**Error! Unknown document property name.**

Hon. P. Kevin Castel
December 9, 2009
Page 7

Resolution: None.

(h)    J&M seeks documents related to the allegations in the complaint of the Varsity designs.

J&M's Position: The timing of production is crucial because we need production of all of documents prior to the depositions. In this category, this request simply seeks all documents to prove the many allegations in its complaint. Since Plaintiff has produced very few documents, but has stated it will be supplementing, we seek to know when Plaintiff will completing its long overdue production. If Plaintiff has produced all documents in this category it simply needs to say so. If they are going to produce further documents in this category we need to know so that we can prepare for deposition.

Varsity's Position:  Varsity is unclear for what allegations in the Complaint J&M seeks documentation.  However, in response to Requests Nos. 14-19, Plaintiffs' Response to Defendant's First Set of Document Requests stated that Varsity would "produce such non-privileged documents in its possession reasonably responsive to this request."  The specific wording of Requests Nos. 14-19 are attached as Exhibit B.

Resolution: None.

(i)    J&M seeks documents related to the inventory lists and outstanding orders for the Varsity designs.

J&M's Position: these documents are relevant to at least non-separability, and authorship. For example, the inventory lists will help us authenticate the actual uniforms at issue, hopefully, produced by Plaintiff.

Varsity's Position:  Inventory lists and outstanding orders for the Varsity's designs are not at issue in this litigation.  Varsity holds valid copyright registrations for the designs at issue here and Varsity has alleged that J&M has infringed those copyrights.  Documents relating to inventory lists and outstanding orders for the Varsity's designs are not relevant, and are not reasonably calculated to lead to admissible evidence relevant, to whether J&M has infringed Varsity's designs.

Resolution: None.

(j)    J&M request "how Varsity's 2-dimensional artwork and/or fabric designs were copied onto J&M uniforms that sport neither artwork nor fabric designs just dress designs."

J&M's Position: It is Plaintiffs' allegation that Defendant copied plaintiffs' two-dimensional artwork and fabric designs onto J&M uniforms. Since Defendants contend the J&M uniforms sport neither artwork nor fabric designs, simply clothing designs,

**Error! Unknown document property name.**

.

Hon. P. Kevin Castel
December 9, 2009
Page 8

defendant seek any documents Plaintiffs may have supporting the above allegation. If they have no such further documents they should simply say so. Otherwise, they should produce them immediately. Defendant simply seeks any documents Plaintiffs has supporting this allegation. Plaintiffs refuse.

Varsity's Position:  It is unclear what J&M is actually seeking.  It seems that J&M may misunderstand the issue in this case, whether J&M has infringed Varsity's copyrights for the Varsity designs, which appear on clothing and uniforms.  Varsity also respectfully notes that J&M, not Varsity, is in the position to provide documentation and information as to how the Varsity designs were copied onto J&M's products.

Resolution: None.

**Uniforms:**

The outstanding issues are set forth below.

(3)   Issue:  J&M requests production of samples of the 16 uniforms on which Varsity's copyrighted designs appear for separability analysis, use at depositions of Varsity and use by experts, the fact finder and the Court.

Varsity's Position:  Varsity has agreed to either exchange the uniforms with those of J&M or bring samples to the deposition of Kim Carroll, the vice president of design for Varsity.

J&M's Position:  J&M has agreed to exchange the parties' uniforms at issue with Varsity, provided Varsity agrees to produce a business record affidavit from Gary Spencer, Varsity's VP of Production, certifying that the uniforms it produces to J&M in the exchange are genuine uniforms manufactured to the same specifications as the uniforms it has sold to its customers for the Varsity Designs at issue in the First Amended Complaint. Moreover J&M seeks this production well in advance of the depositions to provide an opportunity for preparation.

Resolution: The parties have agreed to exchange the uniforms at issues in the offices of Defendants' counsel in two weeks. Thus, Plaintiff will certify and produce one of its uniforms for each of the copyrights it is suing on in its complaint. The defendants will certify and produce one of each of the allegedly infringing uniforms.

**Depositions:**

J&M General Statement: Defendants served their paper discover early in this case and noticed their ten depositions early so as to complete discovery by the discovery deadline. Plaintiffs did not complete its responses to paper discovery nor produce any of its witnesses. In order to complete discovery, the parties would need an extension of

**Error! Unknown document property name.**

Hon. P. Kevin Castel
December 9, 2009
Page 9

discovery. But, just as important the discovery needs to be scheduled in advance so that paper discovery can be completed before the depositions, the depositions can be completed within the new discovery period, with time remaining for follow-up discovery where necessary. Alternatively, Defendants seek leave of the court to strike the complaint for Varsity's complete failure in discovery. *See* Defendants letter to Your Honor with attached schedule of noticed depositions. The Parties would need an extension of at least three months to accomplish these depositions. Defendants have noticed ten depositions. Five of them are of the actual human authors of the copyrights at issue that Plaintiff has identified informally so far (Plaintiff claims the corporation is the legal author as these are works-for-hire). Four are of Plaintiff itself by 30(b)6 deposition, its principal, and several executives, heads of marketing, sales and production. One more is listed in Plaintiffs' initial disclosures as having knowledge of designs.

(4)    Issue: Depositions of Plaintiffs' alleged authors Jan Calame, Helen Price, Marie Georgopulos, Emily Terral, and Kim Carroll in New York:

J&M's Position: The depositions of the alleged authors in fact are necessary in any copyright case. For example, these individuals have exclusive information as to their intent in creating the work and any third party design references used. While Varsity has agreed to produce only of its designers, Kim Carroll, she did not appear for either of her noticed deposition dates. Therefore, Plaintiff seeks an order directing the dates of these depositions to ensure that they occur. Plaintiff alleges infringement of sixteen individual copyrights, but has not formally identified the authors (Plaintiff has informally provided five names, but stated in its letter to the Court there are nine authors and has provided no formal response to the formal interrogatory seeking this information). Nevertheless, Defendants have notice the depositions of the five individuals identified and will seek further depositions if further authors are identified. As Plaintiff has brought suit here it should produce its authors in New York. J&M demands the production of all such employees in New York for depositions. J&M's counsel asserts it needs these depositions to ascertain, *inter alia*, the "intent" of the individual designers in creating the designs.

Varsity's Position: J&M, notwithstanding the Court's decision on Varsity's motion to dismiss, and despite the fact that Varsity is the legal author as well as copyright owner of the designs at issue, insists on taking the depositions of nine individual designer employees of Varsity in New York.

Varsity has repeatedly told Defendant's counsel that it would produce Kim Carroll, Varsity's Vice President, Design and Catalog, who oversees all of Varsity's designers, and is herself the individual creator of eight of the sixteen Varsity designs at issue in this litigation; and that if counsel is not satisfied with Ms. Carroll's testimony, Varsity would consider production of others. Varsity has also stated that, since these employees all work in Memphis or Dallas that, pursuant to Rule 26, these depositions would most reasonably be taken, if at all, in Memphis at Varsity headquarters. Varsity has repeatedly

**Error! Unknown document property name.**

Hon. P. Kevin Castel
December 9, 2009
Page 10

stated that it, as the corporation, is the author of the copyrighted designs; and that the
likelihood that the testimony of individual employees beyond Ms. Carroll would yield
non-cumulative information relevant to any defense in this matter is minuscule.

Resolution: None.

(5)    Issue: Deposition of Jeffrey G. Webb, the

J&M's Position: Mr. Webb is the principal of Plaintiff. He has spearheaded his
company's bringing suit in New York and, therefore, we seek his deposition here. He has
crucial information as to Varsity's actions in creating, registering, manufacturing and
marketing the designs at issue. Plaintiffs' citations supporting its motion for a protective
order for his deposition, citing cases involving a defendants principles are in opposite. He
was the first individual at Varsity orally identified by Plaintiffs' counsel as receiving
legal opinions on its copyrights. It is clear he is spearheading this litigation and is also the
only Varsity employee directly communication with Mr. Hernandez in settlement
discussions. He appears to know everything about this case. See genereally, § 17:11 Place
of Examination – Plaintiff-deponents, Civil Practice in the Southern District of New
York.

Varsity's Position: Jeff Webb is Varsity's President and CEO, and as such has no
particular knowledge, and certainly no unique knowledge, of what Defendants state they
wish to depose him on: "the originality, authorship, conception, and creation of the
Varsity designs." Defendants have not stated any legitimate need to depose Mr. Webb,
and no reason they cannot obtain the information they purportedly seek from Ms.
Carroll. Varsity will seek a protective order vacating Defendants' notice of deposition.
This Court has not hesitated to grant such orders, preventing the depositions of high-
ranking corporate executives, where it is apparent that the information sought can be
obtained by less intrusive means. *See, e.g., Retail Brand Alliance, Inc. v. Factory Mut.
Ins. Co.*, 2008 U.S. Dist. LEXIS 17746 (S.D.N.Y. Mar. 7, 2008) ("Likelihood of
harassment and business disruption are factors to be considered in deciding whether to
allow discovery of corporate executives. … Unless it can be demonstrated that a
corporate official has 'some unique knowledge' of the issues in the case, 'it may be
appropriate to preclude a [ ] deposition of a highly-placed executive' while allowing
other witnesses with the same knowledge to be questioned."); *Filetech, S.A. v. France
Telecom, S.A.*, 1999 WL 92517 (S.D.N.Y. Feb. 17, 1999) (granting protective order
staying deposition of defendant's president pending showing that he had unique
knowledge of relevant issues); *Consolidated Rail Corp. v. Primary Indus. Corp.*, 1993
WL 364471, at *3 (S.D.N.Y. Sept. 10, 1993) (depositions of high-level executives who
attest to a lack of knowledge deferred until defendants demonstrate that such executives
have unique knowledge pertinent to the issues involved in the litigation); *Armstrong Cork
Co. v. Niagara Mohawk Power Corp.*, 16 F.R.D. 389, 390 (S.D.N.Y. 1954) (absent
reasonable belief that noticed officers and directors have some knowledge of the facts
upon which their testimony is to be taken, there is no reason to compel them to appear for

**Error! Unknown document property name.**

Hon. P. Kevin Castel
December 9, 2009
Page 11

the taking of their depositions); *M.A. Porazzi Co. v. Mormaclark*, 16 F.R.D. 383, 383-84 (S.D.N.Y. 1951) (where vice president could contribute nothing beyond what could be gleaned from examination of general claims agent, notice vacated).

Resolution: None.

(6)     Issue:  Deposition of Gary Spencer, Varsity's VP of Production

Varsity's Position: Varsity has refused to discuss this deposition.

J&M's Position:  This deposition is relevant to non-separability and elements of the copyrighted designs. As VP of Production, Mr. Spencer would have information about how the elements of the alleged copyrights are practically constructed in the uniform designs and well as his interactions with the authors and marketing personnel.

Resolution: None.

(7)     Issue:  Deposition of Brian Carroll, Director of marketing of Varsity brands.

Varsity's Position:.

J&M's Position: Mr. Carroll should be produced as he would have crucial information about Varsity's allegedly infringed uniforms. The marketing personnel would know what varsity represents to the public is protectable in its public statements as well as what functional, artistic and mixed functional-artistic features are marketed to the public and how. Varsity has refused to discuss this deposition.

Resolution:  None.

(8)     Issue:  Deposition of Svetlana Boswell, listed in Plaintiffs' initial disclosures as a witness with design knowledge.

Varsity's Position:.

J&M's Position: As Plaintiffs' witness is listed in its initial disclosure as a person with creation and design knowledge, Defendants seek her deposition to prepare its case
.

Resolution:  None.

(9)     Issue:  30(b)6 Deposition of Plaintiff.

Varsity's Position:.

**Error! Unknown document property name.**

Hon. P. Kevin Castel
December 9, 2009
Page 12

J&M's Position: Deposition of Plaintiff in this case is crucial to learn all manner of things concerning creation, authorship, attribution, manufacture, marketing, separability, functionality and other issues more particularly pointed out in Plaintiffs' deposition notice. Defendant is open to folding some of the other depositions into the 30(b)6 deposition if Plaintiff so designates its 30(b)6 deponents and such deponents have the requisite knowledge.

Resolution: None.

(10)    Issue: Deposition of defendant Louis Hernandez, owner of J&M

Varsity's Position: As Mr. Hernandez is the only witness disclosed by J&M in its initial disclosures, as well as a party to this case individually, Varsity needs the deposition of Hernandez to, *inter alia*, assess the willful nature of Defendants' infringements of Varsity's copyrights and trademarks.

J&M's Position: Defendants agree to the deposition of Louis Hernandez. His original date was postponed due to a family medical emergency. Without any request from Plaintiff, Defendants offered new dates Mr. Hernandez for October 27-29th for deposition Plaintiff did not respond. If a new discovery schedule is established, Mr. Hernandez will immediately offer new dates for his deposition.

Resolution: While for the next few weeks Mr. Hernandez is coordinating the design of its new catalog which is essential for J&M's survival into 2010, Mr. Hernandez can be produced in January at a date convenient to parties and acceptable to the Court.

(11)    Issue: Defendants' Responses to Varsity's Requests for Admission

Varsity's Position: Defendants unqualifiedly "deny" each and every request for admission, flatly denying, e.g., that Defendants are in the business of selling cheer apparel, and that Defendants have offered for sale bodyliners designated as "Motion-stretch" bodyliners. Varsity, pursuant to Rule 37(a)(5), has requested that J&M amend its responses.

J&M's Position: J&M declined to amend its responses after consultation with its client as the client maintained the requested admission not accurate.

Resolution: Varsity intends to move for relief under Rule 37.

(12)    Issue: Settlement

As directed, the parties discussed settlement. At this time, it appears that the parties are too far apart; the parties will continue to work on settlement.

**Error! Unknown document property name.**

Hon. P. Kevin Castel
December 9, 2009
Page 13

## CONCLUSION

J&M's conclusion:

Defendant simply seeks to complete discovery as to its defenses to this case, of which there are many (e.g., that any possible artistic matter in the copyrights is inseparable from the useful cheerleading uniform designs which are not copyrightable, that the scope of any copyright is so limited Defendant's uniforms are not substantially similar, that there was no access or copying, and no confusing use of a trademark, etc.). Plaintiffs are simply not complying with their discovery obligations and we seek an order they do so on a reasonable schedule.

As the Court may recall, in Your Honor's October 19, 2009 Memorandum and Order, Your Honor denied Defendant's motion to dismiss after Defendant stated it would renew the request through a motion for Summary Judgment. Therein, Your Honor stated, "The arguments would be more properly made in a motion for summary judgment at the conclusion of fact discovery" and "Defendants' arguments regarding the validity of the registration certificates are better suited for a summary judgment motion." *See* Your Honor's October 19, 2009 Memorandum and Order.

In fact, both parties motions are properly made only after discovery is complete. After Defendant discovers how the copyright is affixed to Plaintiff's uniforms in detail, after examining its documents and witnesses. Only then will the entire story of the copyright and the uniforms be available for summary adjudication, or if necessary trial. As Judge Lynch stated/illustrated in the Eliya case, the separability issue turns at least on the specific facts of the way the copyrighted design is used in the useful article, and there are many facts to discover on this. *See Eliya, Inc., v. Kohl's Department Stores,* 2006 WL 2645196 (S.D.N.Y.).

Similarly, any Summary Judgment motion by Plaintiff is premature until discovery is complete, and evidence on the copyrightability and alleged infringement has been produced. At the very least, Defendant would oppose such motion with a rule 56 (f) affidavit detailing the discovery it needs.

Varsity's conclusion:

While Defendants seek to complicate it, this case is really quite simple. As to the copyright claims, Defendants [from the first conference with Hernandez] have never denied either the "actual copying" or "substantial similarity" elements of each claim. Defendants instead have focused entirely on an unsupported and unreasonable effort to defeat the first element of a copyright infringement claim—ownership of a valid copyright—by invalidating Varsity's copyright registrations. Defendants' theory that Varsity's registrations for "two-dimensional designs" or "designs on garments" were in reality registrations of copyright in three-dimensional "clothing designs," was illogical on its own terms, and at odds with reality and the law. Defendants nonetheless moved to dismiss the complaint for failure to state a claim, based on that theory. This Court, in denying Defendants' motion, noted that

**Error! Unknown document property name.**

Hon. P. Kevin Castel
December 9, 2009
Page 14

> Contrary to defendants' assertions, plaintiffs do not claim to have
> copyright protection over the uniforms.  In fact, plaintiffs expressly
> acknowledge that they are not asserting protection over the design of the
> clothing or accessories.  (Pl. Opp. Br. at 7.)  Plaintiffs are alleging that
> defendants have infringed by selling items with distinctive stripes and
> patterns for which they have copyright protection.

*Varsity Brands, Inc. v. J&M Spirit Wear, Inc.*, 2009 U.S. Dist. LEXIS 99198 (S.D.N.Y. Oct. 19,
2009).  Notwithstanding the Court's October 19 opinion, Defendants continue to assert that
Varsity claims to have copyright protection over uniforms.  J&M has not, however, interposed
any reasonable defense to Varsity's claims of copyright infringement or trademark infringement.

Under the Copyright Act, Varsity need only show that it owns valid copyrights in its
designs, that Defendants had access to Varsity's designs, and that Defendants' designs are
substantially similar to Varsity's designs.  Defendants have never denied access, and their
attempt to refute the *prima facie* case of copyright validity afforded by Varsity's copyright
registrations, through an ill-conceived motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6),
failed.  The remaining element, substantial similarity of protectable matter in the parties'
respective works, is regularly determined on summary judgment.

As to trademark infringement, Varsity has learned, through the sparse production (118
pages) finally received from J&M, that not only does J&M use the confusingly similar mark
"Motion-Stretch" publicly, in its catalogs, but on invoices to its customers uses Varsity's
identical registered trademark MOTION-FLEX.

Defendants have not interposed, and in Varsity's view will not interpose, any reasonable
defense to Varsity's infringement claims.  Accordingly, pursuant to Your Honor's individual
practices, Varsity by this letter requests leave to file a motion for partial summary judgment, and
requests a pre-motion conference in order to promptly move forward with such motion.

Respectfully submitted,                    Respectfully submitted,


Arlana S. Cohen                            Steven M. Crosby


**Error! Unknown document property name.**

## EXHIBIT A

**Interrogatory No. 1:**

Identify all distributors, sales representatives and retailers of each of the Plaintiff's Works.

**Response to Interrogatory No. 1:**

Varsity incorporates its General Objections herein. Varsity also objects to this interrogatory on the ground that it does not distribute Plaintiffs' Works, so that therefore the interrogatory is vague and unintelligible. Varsity also objects to this interrogatory on the ground that it is not likely to lead to the discovery of admissible evidence.

**J&M Position:** Varsity's sales representatives and distributors are likely to have relevant information on the issues of non-separability, publication and authorship. This interrogatory merely seeks their identity for use in further discovery.

**Varsity Position:** Varsity does not believe J&M's justification is valid.

**Resolution:** Varsity advised J&M it does not have any retailers. Otherwise, there was no resolution as to identifying Varsity's sales reps and distributors.

**Interrogatory No. 2:**

Identify any [opinions] of counsel, written or oral relating to the copyrightability of Plaintiff's Works, including, but not limited to, identify the person(s) who sought the opinion, the date the opinion was sought, the date the opinion was received, the person(s) who provided the opinion, the person(s) that received the opinion, and the subject matter of the opinion.

**Response to Interrogatory No. 2:**

**Error! Unknown document property name.**

Varsity incorporates its General Objections herein. Varsity also objects to

this interrogatory on the ground that it calls for the identification which would be

subject to the attorney-client privilege. Varsity also objects to this interrogatory

on the ground that it is not likely to lead to the discovery of admissible evidence.

**J&M Position:** J&M stated that this particular information is not privileged, and would

lead to discovery of information relevant to separability. Varsity orally identified

three individuals who it states received this information (Jeff Webb, Kim Carroll

and John Nichols). We request that Varsity's written responses be amended to

include them and the other details requested. Where Varsity has no information or

documents it should simply say so

**Varsity Position:** Varsity stated it knows of no written opinions of counsel and can

particularize no dates that any particular discussion about copyright law was had

or with whom.

**Resolution:** While Varsity's counsel has given us information as to who received such

opinions, the issue of integrating this into the interrogatories remains.

**Interrogatory No. 3:**

Identify (a) each supplier to Plaintiff of each item of Plaintiff's Works sold

or offered for sale by Plaintiff; and (b) each document reflecting or describing the

supplying of such items of Plaintiff's Works to Plaintiff.

**Response to Interrogatory No. 3:**

Varsity incorporates its General Objections herein. Varsity also objects to

this interrogatory on the ground that it does not have Plaintiffs' Works supplied to

it, so that therefore the interrogatory is vague and unintelligible. Varsity also

2

objects to this interrogatory on the ground that it is not likely to lead to the discovery of admissible evidence.

**J&M Position:** Using the correct definition of "Plaintiffs' Works", which includes uniforms supplied to Varsity from third parties, Varsity should properly respond. Varsity has already indicated through its past public filings of SEC securities documents Varsity has stated it uses independent contractors to manufacture its uniforms. If Varsity is now claiming it now makes its uniforms exclusively in-house then it should identify the suppliers of its uniform components, e.g., the multi-stripe braiding, the pieces of cloth, etc. If, as Varsity claims, its copyright consists of 2-dimensional artwork which is applied to the cheerleading uniforms, it should identify its suppliers of such two dimensional artwork or those persons at Plaintiffs' that actually apply the designs to uniforms. Varsity has not complied with Rule 33(d), not supplied any of the relevant documents, nor stated a date certain as to when they will.

**Varsity Position:** Varsity pointed out that Rule 33(d) specifically allows the production of documents.

**Resolution:** None.

**Interrogatory No. 4:**

Identify each document showing the first publication of each of Plaintiff's Works.

**Response to Interrogatory No. 4:**

3

Varsity incorporates its General Objections herein. Without waiving the foregoing, the foregoing documents sufficient to show the first publication of each of Plaintiffs' Works will be produced.

**J&M Position:** J&M stated at the meet and confer that Varsity has not identify the documents, nor did it not comply with Rule 33(d) and produce documents, nor state a date certain as to when they will.

**Varsity Position:** Varsity pointed out that Rule 33(d) specifically allows the production of documents.

**Resolution:** None.

**Interrogatory No. 5:**

Identify all documents showing the design, conception and development of each of Plaintiff's Works.

**Response to Interrogatory No. 5:**

Varsity incorporates its General Objections herein. Without waiving the foregoing, the documents sufficient to show the design, conception and development of each of Plaintiffs' Works will be produced.

**J&M Position:** J&M stated at the meet and confer that Varsity has not identify the documents, nor did it not comply with Rule 33(d) and produce documents, nor state a date certain as to when they will.

**Varsity Position:** Varsity pointed out that Rule 33(d) specifically allows the production of documents.

**Resolution:** None.

4